B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Joanne DeProfio | **DEFENDANTS**<br>Robert N. Lupo |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>**FILING FEE NOT PAID** | ATTORNEYS (If Known)<br>Andrew G. Lizotte, Hanify & King P.C.<br>One Beacon Street, 21st Floor, Boston, MA 02108 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff seeks recovery of security deposit and damages for Debtor's breach of Mass Gen. Laws Ch. 186 §15B. Plaintiff also seeks tort damages for Debtor's violation of Mass Gen. Laws Ch. 186 §14 and for Debtor's breach of the common law implied warranty of habitability.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[5] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
[2] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 7,800 |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Robert N. Lupo | BANKRUPTCY CASE NO.<br>09-21945 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Boston | NAME OF JUDGE<br>Judge Bailey | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*[signature]*  MAR 12 '10 PM 2:01 USB | | | |
| DATE<br>3-11-10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Joanne DeProfio | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

MAR 12'10 PM 2:01 USB

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSSETS

| | |
|---|---|
| In re Robert N. Lupo ) | |
|     Debtor ) | Case No. 09-21945 |
| ) | |
| Joanne DeProfio, ) | Chapter 11    FILING FEE NOT PAID |
|     ("Plaintiff") ) | |
| ) | |
| v. ) | |
| ) | |
| Robert N. Lupo, ) | Adv. Proc No. _____ |
|     ("Debtor") ) | |

## Complaint to Determine Dischargeability of Debt

Plaintiff, Joanne DeProfio, a creditor and party in interest in the above referenced bankruptcy case, files this Complaint to Determine Dischargeability of Debt Under 11 U.S.C. § 523, and in support thereof respectfully represents to the Court as follows:

I. Jurisdiction

1. In December of 2009, plaintiff, Joanne DeProfio ("Plaintiff"), was in the process of filing a complaint against Debtor, Robert N. Lupo ("Debtor"), in Waltham District Court alleging Debtor's violation of MASS. GEN. LAWS ch. 186, § 14, MASS. GEN. LAWS ch. 186, § 15B, and for Debtor's breach of the implied warranty of habitability under Massachusetts common law.

2. When Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code in this court on December 10, 2009, Plaintiff was barred from proceeding with the complaint by the automatic stay.

3. This court has jurisdiction over the subject matter of this complaint as a core proceeding pursuant to the provisions of 28 U.S.C. §§ 1334 and 157(b)(2)(I) and 11 U.S.C. § 523 since this is a proceeding to determine the dischargeability of particular debts.

4. This court has fixed March 15, 2010 as the last day to file a Complaint to object to discharge of debtors under 11 U.S.C. § 727, and to Determine Dischargeability of Debt Under 11 U.S.C. § 523. This Complaint therefore has been timely filed.

II. Parties

    5. Plaintiff is a Massachusetts resident who together with her minor children resided at 18B Vernon Street in Waltham, Massachusetts, 02453 (the "premises") from December of 2007 until October 31, 2009.

    6. Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code in this court on December 10, 2009.

    7. Based on information and belief, Debtor holds title in 18B Vernon Street, Waltham, Massachusetts. Debtor is a Massachusetts resident who resides at 89 Sudbury Road, in Weston, Massachusetts, 02493.

    8. Debtor may be served, pursuant to Fed. R. Bankr P 7004(b)(1), by mailing a copy of the Summons and Complaint to 89 Sudbury Road, Weston, Massachusetts, 02493.

    9. Plaintiff is a creditor of the Debtor with claims in excess of $7,800. The Plaintiff's claims against the Debtor are alleged as follows:

III. Factual Background

    10. On or about November 21, 2007, Plaintiff signed a lease (the "Lease") with Debtor to occupy a dwelling unit at the premises. The initial term of the Lease was from December 1, 2007 to November 30, 2008 The Lease was renewed once for a second one year lease term.

    11. In November of 2007, at the inception of the tenancy, Plaintiff paid $1,300 to the debtor as a security deposit.

    12. Plaintiff paid the $1,300 in cash.

    13. Debtor failed to place the security deposit in a separate interest-bearing account located in Massachusetts as required by MASS. GEN. LAWS ch. 186, § 15B (3)(a).

    14. Debtor failed to furnish Plaintiff with a statement of condition of the premise as required by MASS. GEN. LAWS ch. 186, § 15B (2)(c).

    15. The Lease states that the monthly rent at 18BVernon Street is $1,300.

    16. On or about November 30, 2007, Debtor and Waltham Housing Authority ("WHA") entered into a Housing Assistance Payments Contract ("HAP").

    17. On or around June 10, 2009, the oven at the premises ceased to function. Shortly thereafter, the stove at the premises ceased to function as well.

18. On or around June 20, 2009, Plaintiff gave notice to Debtor that the oven was not functioning.

19. On August 26, 2009, Plaintiff wrote a letter to the WHA, received August, 27, 2009, which informed the WHA that the oven at the premises had not been working for over two months. In addition, the letter stated that the burners on the stove did not work. The letter stated that Plaintiff was told by the Debtor several times over a two month period that the Debtor would install a new stove and oven at the premises.

20. On August 31, 2009, Mark A. Johnson of the WHA performed a special inspection of the premises, finding that the oven did not work.

21. On September 1, 2009, the Waltham Housing Authority in a letter to Debtor reported that the oven at the premises was not in working order.

22. On or around September 2, 2009, the Waltham Housing Authority terminated the HAP with Debtor for the premises as a result of the premises failing inspection on two occasions for lacking a working smoke detector.

23. An inspection report by the WHA, dated September 9, 2009, revealed that the oven was not in working condition.

24. Plaintiff vacated the premises on or around November 15, 2009.

25. On November 16, 2009, Mark Johnson wrote in an email that the deficiencies at the premises had been corrected.

26. As of March 15, 2010, Debtor has not returned the $1,300 held by Debtor as a security deposit to Plaintiff in accordance with MASS. GEN. LAWS ch. 186, § 15B (7).

27. At all times herein, Plaintiff was acting in a reasonable and prudent manner.

28. It was the duty of Debtor to perform maintenance to the building, and to investigate complaints pertaining to the premises and issues that typically arise in a landlord/tenant relationship, in a timely manner.

29. Debtor breached his duty to perform maintenance and to investigate complaints of problems with the premises in a timely manner.

IV. Count 1: Violation of U.S.C. § 523(a)(6)

A. The Debtor should not be discharged from liability arising from claims that he failed to maintain a working oven and stove at the premises as this conduct constitutes a willful and malicious injury by the Debtor against the Plaintiff.

3

30. Plaintiff incorporates and realleges the allegations of paragraphs 1 through 29 as if fully stated herein.

31. MASS. GEN. LAWS ch. 186, § 14 provides that any lessor or landlord who directly or indirectly interferes with the quiet enjoyment of any residential premises by the occupant shall be liable for actual and consequential damages or three months rent.

32. *Boston Housing Authority v. Hemingway*, 363 Mass. 184, (1973), provides for a common law implied warranty of habitability in Massachusetts, in that the leased premises must be fit for human occupation, and that such warranty, insofar as it is based on the State Sanitary Code and local health regulations, cannot be waived by any provision of the lease or rental agreement.

33. STATE SANITARY CODE, Ch. (2) 105 CMR 410.100 provides that every dwelling unit shall contain suitable space to prepare food and that the owner shall provide within this space a stove and oven in good repair.

34. STATE SANITARY CODE, Ch. (2) 105 CMR 410.351 provides that owners shall maintain free from defect all owner installed stoves and ovens.

35. STATE SANITARY CODE, Ch. (2) 105 CMR 750 provides that a defect which renders a stove or oven inoperable which is not corrected by the owner within a period of five days notice or knowledge shall be deemed to create conditions which may endanger or impair the health, or safety and well-being of a person or persons occupying the premises.

36. Plaintiff and her family suffered damages as a result of Debtor's willful and malicious violation of MASS. GEN. LAWS ch. 186, § 14 and for Debtor's breach of the implied warranty of habitability.

V. Count 2: Violation of U.S.C § 523(a)(4)

A. The Debtor should not be discharged from debts arising from Debtor's failure to remit a security deposit and to manage security deposit funds in compliance with MASS. GEN. LAWS ch. 186, § 15B, as this conduct constitutes fraud and defalcation while acting in a fiduciary capacity.

37. Plaintiff incorporates and realleges the allegations of paragraphs 1 through 36 as if fully stated herein.

38. MASS. GEN. LAWS ch. 186, § 15B (4) provides that a lessor shall, within thirty days after the end of the tenancy as specified in the lease agreement, return to the tenant the security deposit or any balance thereof.

39. MASS. GEN. LAWS ch. 186, § 15B (3)(a) provides that any security deposit received by a lessor shall be held in a separate interest bearing account in a bank, located within the Commonwealth.

40. MASS. GEN. LAWS ch. 186, § 15B (1)(e) provides that a security deposit shall continue to be the property of the tenant making such deposit, the security deposit shall not be commingled with the assets of the lessor, and the security deposit shall not be subject to the claims of any creditor of the lessor or of the lessor's successor in interest, including a foreclosing mortgagee or trustee in bankruptcy.

41. MASS. GEN. LAWS ch. 186, § 15B (2)(c) provides that any lessor who accepts a security deposit from a tenant shall furnish such tenant with a separate written statement of the present condition of the premises.

42. MASS. GEN. LAWS ch. 186, § 15B (6) provides that if the lessor fails to deposit such funds in an account as required by subsection (3) or fails to return to the tenant the security deposit or balance thereof, the tenant shall be awarded damages in an amount equal to three times the amount of such security deposit or balance thereof to which the tenant is entitled plus interest at the rate of five per cent from the date when such payment became due, together with court costs and reasonable attorney's fees.

VI. Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court upon trial:

a. Determine the damages sustained by Plaintiff as a result of Debtor's violations of MASS. GEN. LAWS ch. 186, § 14 and award actual and consequential damages or three months rent against Debtor, whichever is greater, in favor of Plaintiff, together with attorneys' fees.

b. Determine the damages sustained by Plaintiff as a result of Debtor's violations of the Massachusetts common law implied warranty of habitability calculated on the basis of the difference between the value of the premises as warranted ($1,300 under the Lease) and the value of the premises in their defective condition, and award damages against Debtor in favor of Plaintiff, together with attorneys' fees, if such damages exceed those available pursuant to MASS. GEN. LAWS. ch. 186, § 14;

c. Determine the damages sustained by Plaintiff as a result of Debtor's violations of MASS. GEN. LAWS ch.186, § 15B and award actual damages or three times the amount of the security deposit against Debtor, whichever is greater, in favor of Plaintiff, together with attorneys' fees;

d. Determine that the Debtor's indebtedness to Plaintiff constitutes a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(4)(A) and/or (a)(6);

5

 e. Grant a non-dischargeable judgment in favor of Plaintiff against the Debtor plus prejudgment and post judgment interest as provide by law, reasonable attorneys' fees, cost and expenses and

 f. Grant Plaintiff such other and further relief as the Court may deem just and proper.

Date: March 12, 2009      Respectfully submitted,

               _/s/ Joanne DeProfio_

               Joanne DeProfio, Pro Se

               38 Francis St.
               Waltham, Massachusetts 02451

               Phone: (781) 475-8243

MAR 12 '10 PM 2:01 USB

6