UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

In re

ROBERT N. LUPO,

Debtor

Chapter 11
Case No. 09-21945-WCH

_____

**UNITED STATES TRUSTEE'S MOTION
TO CONVERT DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7 OR
TO APPOINT A CHAPTER 11 TRUSTEE AND
<u>REQUEST FOR EXPEDITED DETERMINATION</u>**

The Acting United States Trustee ("UST") moves, on an expedited basis, pursuant to 28 U.S.C. 586(a)(3)(g), 11 U.S.C. 1112 and 1104(a), this Court to enter an order converting the chapter 11 case of Robert N. Lupo ("Debtor") to chapter 7 or appointing a Chapter 11 trustee. As grounds for conversion or appointment of a chapter 11 trustee, the UST states as follows:

- The Debtor's amended schedules and statements reflect substantial non-exempt assets available for liquidation and payment to creditors;

- The Debtor has failed to formulate a meaningful disclosure statement and a feasible plan in over the six months his case has been pending;

- The Debtor's counsel has filed a motion to withdraw (expedited determination requested) (D.E. #232);

- Conversion to chapter 7 or the appointment of a chapter 11 trustee is in the best interest of creditors and the estate.

**JURISDICTION**

1. The Court has jurisdiction over this matter under 28 U.S.C. 157 and 1334. This is a core proceeding under 28 U.S.C. 157(b)(2)(A). Venue is proper in this court under 28 U.S.C.

1

1408 and 1409.  The statutory predicates for relief are 28 U.S.C. 586(a)(3), 11 U.S.C. 307, 1112(b) and 1104(a) and Fed. R. Bankr. P. 1017.

**FACTS**

2.  On December 10, 2009, the Debtor filed a voluntary chapter 11 petition.

3.  The Debtor's amended schedules and statements reflect substantial non-exempt assets available for liquidation and payment to creditors.  Many such assets, along with numerous liabilities, are listed with unknown values.

4.  During the six months that this case has been pending, the Debtor has failed to file a meaningful disclosure statement and a feasible plan of reorganization.

5. On June 21, 2010, the Debtor's counsel filed a motion to withdraw (expedited determination requested) indicating fundamental disagreement as to the conduct of the chapter 11 case.

**ARGUMENT**

6.  The foregoing actions or omissions by the Debtor constitute cause for conversion pursuant to 11 U.S.C. 1112 or for the appointment of a chapter 11 trustee pursuant to 11 U.S.C. 1104, and for an expedited determination thereof.

7.  The interests of creditors and the estate would best be served by the conversion of the Debtor's chapter 11 case to chapter 7 or the appointment of a chapter 11 trustee. *See United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd. (In re Timbers of Inwood Forest Associates, Ltd.)*, 808 F.2d 363, 371 (5th Cir. 1987), *aff'd* 484 U.S. 365 (1988).

**PRAYER**

WHEREFORE, the United States Trustee prays that the Court enter orders converting the

Debtor's chapter 11 cases to chapter 7 or appointing a chapter 11 trustee and granting him all other legal and equitable relief to which he may be entitled.

                                              Respectfully submitted,

                                              John P. Fitzgerald, III
                                              Acting United States Trustee

Dated: June 21, 2010        By:   /s/ Paula R. C. Bachtell
                                              Paula R. C. Bachtell, BBO# 564155
                                              U.S. Department of Justice
                                              Office of the U.S. Trustee
                                              J.W. McCormack Post Office & Courthouse
                                              5 Post Office Square, Suite 1000
                                              Boston, MA 02109-3934
                                              TEL: (617) 788-0406
                                              FAX: (617) 565-6368
                                              E-MAIL: paula.bachtell@usdoj.gov

## CERTIFICATE OF SERVICE

   The undersigned certifies that on June 21, 2010, true and correct copies of the foregoing Motion were served via the U.S. Bankruptcy Court's CM/ECF filing system.

**IRS**
PO Box 9112
Attn: Special Procedures, Room 800
Boston, MA  02203

**MDOR**
PO Box 9564 (Bankr. Unit)
100 Cambridge Street
Boston, MA  02114

**MDET**
Attn: Chuck Hurst
19 Staniford Street
Boston, MA  02114