United States Bankruptcy Court
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:                ) | |
|                       ) | |
| **ROBERT N. LUPO,**   ) | Chapter 11 |
|                       ) | Case No. 09-21945-WCH |
| Debtor.               ) | |
|                       ) | |

### LIMITED OPPOSITION TO HANIFY & KING'S
### MOTION TO WITHDRAW AS COUNSEL TO THE DEBTOR

TO THE HONORABLE William C. Hillman, United States Bankruptcy Judge:

NOW COMES the debtor and debtor-in-possession in the above captioned case (the "Debtor"), acting without the advice of Counsel to the Debtor as it pertains to this opposition only, but with the understanding from Counsel to the Debtor, specifically Andrew Lizzotte, Esq., that he will file on the Debtor's behalf, this *Limited Opposition to Motion to Withdraw as Counsel to the Debtor*.

The Debtor does not believe there is a *"fundamental disagreement as to the conduct of the Chapter 11 case"* but rather in the approach of effectuating an approvable plan. In any event, the Debtor has been frantically attempting to find successor counsel.

AS GROUNDS to this limited opposition, the Debtor states as follows:

*First*, the debtor understands that administrative costs related to his Chapter 11 petition, upon verification and approval, i.e., the legal fees of Hanify & King; Michael Gillis, Esquire and Steven Follansbee, Esquire, as well as the accounting fees of Verdolino & Lowey, P.C., need to be paid upon confirmation of his plan, and said

1

billings, as well as other administrative costs, will likely be in the neighborhood of $300,000.

*Second*, the debtor understands that all the unsecured creditors need to be paid in full over time but within 5 years of the approval of the plan. Although the unsecured creditors currently total $549,618.27, after objections to disputed proof of claims are filed and resolved, the distilled amount will be, at best, no more than $100,000.

*Third*, the debtor understands that all priority claims must be satisfied in full. The Internal Revenue is listed at $176,662.50 and the Massachusetts Department of Revenue is listed at $204,947.05, however, both are a result of un-assessed taxes and penalties, due to the fact his personal returns for the years 2008 and 2009 have not been filed. This will likely be reduced to under $10,000. Said filings are due to be filed by Verdolino & Lowey shortly.

*Fourth*, the Debtor has been successful in negotiating modifications with several secured lenders. For example, RTN Federal Credit Union, which is the holder the three mortgages on:

(i) his personal residence at 89 Sudbury Road, Weston of $458,674.13 (which he is half owner with his wife);
(ii) a single family residence at 221 Tower Road, Weston of $552,754.09 and $32,935.97 (which he is half owner with his wife); and
(iii) (iii) a four family dwelling at 26-30 School Avenue, Waltham of $371,259.96 (which he 100% owner), totaling $1,415,624.15 in the aggregate;

has agreed, under certain conditions and covenants to-be-agreed upon, to modify the terms of the mortgages, all at a reduced interest rate of 4.0% and 4.1%, with monthly payments of interest only. They are also willing to loan additional funds to pay: (1) outstanding real estate taxes due on each property, and (2) to pay off four unsecured loans

2

totaling approximately $98,663.41 and one secured auto loan totaling approximately $5,972.09. Said modifications are, of course, subject to approval of this Court and/or the subordination to (i) a Home Equity Line on his residence with Merrill Lynch valued at $109,302.23, (ii) attachments by New England Phoenix Co., Inc valued at $130,335.93, and (iii) a Declaration of Homestead. In addition, the Debtor has made successful strides to modify not less than an additional seven other mortgages.

*Fifth*, the Debtor is aware, that in order to have his reorganization plan approved, he needs to raise not less than $500,000 to fund his debtor-in-possession bank accounts, by immediately selling real property, while simultaneously attempting to borrow funds. In fact, the Debtor has been negotiating with a private lender to borrow $500,000 for this purpose; with the said financing facility being subject to agreement of the parties as to securing the loan with collateral and approval by this Court. The Debtor, contrary to the assertion of lead counsel, is not adverse to immediately selling real property to achieve his goal of both filing and funding an approvable plan. The Debtor intends to sell his interest in five (5) condominiums located in Acton, Massachusetts, in order to generate liquidity for a plan.

*Finally*, with respect to potential unliquidated claims, which are a potential asset of the bankruptcy estate (and may be the source of Mr. Murphy's claim "of an irreconcilable breakdown of the attorney client relationship"), the debtor states as follows:

Rockland Mortgages:

1. The Debtor entered into three loan agreements with Rockland Trust and its predecessors ( collectively "Rockland"), as follows:

i. on April 28, 1999, the Debtor as Trustee of the Lupo Realty Trust, executed a promissory note in favor of Rockland in the original principle amount of $550,000, secured by a mortgage upon the real property located at 719-721 Main Street, Waltham, Massachusetts (owned by the Lupo Realty Trust);

ii on December 14, 2001, the Debtor, as Trustee of the Felton Street Realty Trust, executed a promissory note in favor of Rockland in the original principal amount of $740,000 (owned by the Felton Street Realty Trust) and 32 Dartmouth Street, Waltham, Massachusetts (owned by the Debtor individually); and

iii. on July 10, 2002, the Debtor, as Trustee of the 22 Felton Street Realty Trust, executed a promissory note in favor of Rockland in the original principal amount of $700,000 secured by mortgages on the real properties at 22 Felton Street, Waltham, Massachusetts (owned by the 212 Felton Street Realty Trust) and 45 South Street, Waltham, Massachusetts, Massachusetts (owned by the Debtor individually).

(NOTE: Prior to the filing of the bankruptcy petition the Lupo Realty Trust, Felton Street Realty Trust, and 22 Felton Street Realty Trust each conveyed their interests in the foregoing respective properties to the Debtor individually).

2. The Debtor was allegedly in default on the $700,000 mortgage (described in paragraph (1)(iii) above, by $46,678.05 on July 31, 2009 and Rockland had begun the foreclosure process against all five of the properties described in paragraph one (1) above.

3. On or about August 17, 2009, the Debtor commenced a civil action against Rockland in the Middlesex County Superior Court, *Robert N. Lupo v. Rockland Trust Company*, MICV-2009-3183, with the assistance of Michael Gillis, alleging in his complaint, *inter alia*, that: (1) Rockland withheld and never released $80,000 on the $700,000 loan given on 22 Felton Street, and to ensure repairs were made (which the debtor alleges were completed) and (2) other breaches in contract, in an effort to, among other things, secure an injunction against Rockland prohibiting the scheduled December 10, 2009 foreclosure sale of the five properties listed above. Had the $80,000 been

released, the Debtor would have had more than enough to cure the alleged $46,678.05 in alleged default arrearage. Moreover, he could and would have paid the alleged default arrearage of 46,894.35 on 719 Main Street, and 59,919,54 on 91 Felton Street.

<u>Bowditch & Dewey, LLP</u>:

4.  The Debtor, on September 12, 2009, hired the Worcester law firm of Bowditch and Dewey, LLP ("Bowditch"), as successor counsel, to prosecute the suit against Rockland and has incurred legal fees with Bowditch of over $100,000 of which he has paid not less than $60,000 to date. The debtor alleges Bowditch not only substantially overcharged and doubled billed legal fees, but was ineffective in prosecuting the matter, as it failed to file an appearance when it was retained on September 12, 2009 until December 7, 2009, and more importantly it failed to respond to pleadings and discovery (thereby, neglecting the case). The Debtor believes that not only is there an offset to Bowditch's unsecured *Proof of Claim* of $46,304.36, but a potential claim by the bankruptcy estate for the return of a substantial portion of pre-petition fees.

<u>Hanify & King</u>:

5.  Prior to Bowditch arguing its *Motion for Preliminary Injuction* against Rockland on or about December 8, 2009 (which was summarily denied by the Middlesex Superior Court [Inge, J.]), Bowditch referred the Debtor to Hanify & King in the event a Chapter 11 petition was necessary to prevent the five scheduled foreclosure sales.

*6.*     In fact, the Debtor commenced this Chapter 11 case by filing a voluntary Chapter 11 bankruptcy petition on December 10, 2009.

Alternative Result Would Have Been:

*7.*     It is the Debtor's position that had Rockland released the $80,000, he would have been able to bring all the Rockland mortgages current, which would have precluded the necessity to hire Bowditch (and expend over $60,000 in out of pocket legal fees), and ultimately the necessity of filing his voluntary Chapter 11 bankruptcy petition.

Any alleged breakdown between the attorney/client relationship between the Debtor and Harold Murphy resulted, *in the Debtor's view*, in Hanify's unwillingness to prosecute claims against Rockland and/or Bowditch; and in taking a more proactive role in responding to the voluminous and frivolous filings by Lisa Jacobs.

Once the Debtor had secured the employment of Attorney Steven Follansbee, to prosecute Rockland on June 4, 2010, Attorney Murphy advised the Debtor of his intention to withdraw. Nevertheless, the Debtor respects Harold Murphy and Andrew Lizzotte and is extremely saddened by this development.

## SUCCESSOR COUNSEL

The Debtor was put on notice of Hanify & King's decision to withdraw by E*Mail on late Friday afternoon, June 4, 2010. The Debtor met with Mr. Murphy and Mr. Lizzotte at 2:30 p.m. on Friday, June 11, 2010 to discuss its intention to withdraw in an attempt, and in the hope, to resurrect the alleged breakdown in the attorney-client relationship. Unable to reach an amicable resolution, Mr. Murphy informed the Debtor he would file *Hanify & King's Motion to Withdraw as Counsel to Debtor* on June 18,

6

2010. Mr. Murphy gave the Debtor a copy of a draft motion; hence his mind was made up.

Since that time, the Debtor has made contact with, met, and/or spoken with directly or indirectly, not less than 13 firms who declined for various reasons to be successor counsel in this bankruptcy case; most citing conflicts of interest. They are, *Robert H. Quinn, Esq.*, of Quinn & Morris, LLP; *Frank Morrissey, Esq.*, of Morrissey, Wilson & Zafiropoulous, LLP; *Lee Harrington, Esq.*, of Nixon Peabody, LLP; *Robert J. Kerwin, Esq.*, Tarlow, Breed, Hart & Rodgers, P.C.; *Micheal J. Goldberg, Esq.*, of Cohn, Whitesell & Goldberg, LLP; *Steven Shamban, Esq.*; *Paul Moore, Esq.*; *W. Arthur Garrity, Esq.*, of Garrity Levin & Muir, LLP; *Herbert Weinberg, Esq.*, of Rosenberg & Weinberg; *Richard Askenase, Esq.*; *David Madoff, Esq.*, of Madoff & Khoury, LLP; and *Nancy Lee Darst, Esq.* The Debtor is awaiting a reply on two additional firms.

It is the Debtor's position that the untimely filing of *Hanify & King's Motion to Withdraw as Counsel to the Debtor*, has had the effect of sabotaging the Debtor's Chapter 11 petition and is likely the reason, *at least in part*, that the U.S. Trustee has filed its *Motion To Convert Debtor's Chapter 11 Case to Chapter 7 or To Appoint A Chapter 11 Trustee and Request For Expedited Determination*. With Lisa Jacob's frivolous motions and unfounded assertions of alleged fraud, the U.S. Trustee likely saw no other alternative. The fact Ms. Jacobs has been disciplined, by the New York State Medical Board and stripped of her medical license for submitting seven fraudulent filings in order to get her medical degree, should be considered and given whatever weight by the U.S. Trustee and this Court deem appropriate, given the voluminous frivolous filings.

7

## CONCLUSION

FOR THE REASONS set forth above, the Debtor respectfully prays that this Court <u>Deny</u>, without prejudice, *Hanify & King's Motion To Withdraw As Counsel*.

In addition, the Debtor prays this Court enter an <u>Order</u> that Hanify & King work with Debtor in the preparation of a *Reorgnization Plan and Disclosure Statement* and assist successor counsel, when found.

The Debtor prays this Court will take no action on the *Motion To Convert Debtor's Chapter 11 Case to Chapter 7 or To Appoint A Chapter 11 Trustee and Request For Expedited Determination* until August 9, 2010, subject, if deemed necessary and appropriate, to interim reports on progress in securing counsel and filing his plan

                            Respectfully submitted,

                            BY THE DEBTOR,

DATED: <u>June 25, 2010</u>.                      */s/ Robert N. Lupo*
                                                  ROBERT N. LUPO
                                                  89 Sudbury Road
                                                  Weston, MA 02493
                                                  Telephone (781) 775-7300

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>**ROBERT N. LUPO**<br><br>Debtor | )<br>)<br>) **Chapter 11**<br>)<br>)<br>) **Case No. 09-21945-FJB**<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, Andrew G. Lizotte, hereby certify that I have this day caused to be served a copy of the following document via this Court's CM/ECF System, by electronic mail or by first class mail, postage prepaid, as indicated on the attached service list:

- Limited Opposition to Hanify & King's Motion to Withdraw as Counsel to the Debtor

Dated:  June 25, 2010

/s/ Andrew G. Lizotte
Andrew G. Lizotte (BBO #559609)
Natalie Sawyer (BBO # 660072)
HANIFY & KING,
Professional Corporation
One Beacon Street
Boston, MA  02108
Telephone: (617) 423-0400
agl@hanify.com

568010

Robert Lupo
Short Service List (ECF, EMAIL, USMAIL)
558501


BY ECF:

- Harvey Alford    attorneys@alfordandbertrand.com (Represents Alford & Bertrand, LLC)
- Paula R.C. Bachtell  paula.bachtell@usdoj.gov
- Eric K. Bradford    Eric.K.Bradford@USDOJ.gov
- Alexander L. Cataldo  alcpc@verizon.net
- Richard C. Demerle    rd@masatlaw.com (Represents Bayview Loan Servicing)
- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Jason Giguere    mabk@harmonlaw.com, mabk@harmonlaw.com (Represents Deutsche Bank)
- Peter J. Haley    peter.haley@nelsonmullins.com, jean.jandrys@nelsonmullins.com (Represents Wells Fargo)
- Deirdre M. Keady    mabk@harmonlaw.com (Represents SunTrust, Wachovia Bank)
- John C. LaLiberte    jclaliberte@sherin.com (Represents New England Phoenix)
- Richard T. Mulligan    mabk@harmonlaw.com (Represents Bank of America & Suntrust)
- Nicholas J. Nesgos    nnesgos@pbl.com (Represents Rockland Trust)
- Julie A. Ranieri    bankruptcy@kordeassoc.com (Represents Merrill Lynch, HSBC Bank)
- David J. Reier    dreier@pbl.com (Represents Rockland Trust)
- Nicole Starck  Nicole@starcklaw.com (Represents E-Z Oil Co.)
- Mark S. Tilden  TildenM@aol.com, MarkSTilden@gmail.com
- Amy Lipman-White  alipman-white@stantondavis.com (Represents JP Morgan Chase)
- Anne J. White    awhitetrustee@jdemeo.com (Represents JPMorgan Chase Bank)

**VIA EMAIL:**

Scanlon Tech Com.
101 Middlesex Turnpike
Suite 6
Burlington MA  01803-4914
Email: sta@scanlontech.com

Lisa Jacobs
c/o Leslie Greer, Esq.
875 Massachusetts Avenue, Suite 31-33
Cambridge MA  02139
Email: lbgatt@earthlink.net

Joe M. Lozano, Jr., Esq. (counsel to Litton Loan & American Home Mortgage Servicing Inc.)
Brice, Vander, Linden & Wernick, PC
9441 LBJ Freeway, Suite 350
Dallas, TX  75243
Email: notice@bkcylaw.com

Gary Chandler
RTN Federal Credit Union
600 Main Street
Waltham MA  02452
Email: gchandler@rtn.org

Robert Lupo
89 Sudbury Road
Weston MA  02493
Email: robert.lupo@comcast.net

Dennis Hughes
Lexington Alarm Company
9 Alfred Circle
Bedford MA  01730-2347
Email: dhughes@lexingtonalarm.com

Jennifer Norman, Esq.
Harmon Law Offices
150 California Street
Newton MA  02458
Email: jnormand@harmonlaw.com

Lisa Jacobs
PO Box 26
Fitzwilliam NH  03447
Email: lisajacobs8@hotmail.com

Saco & Biddeford Savings Institution
c/o William S. Kany, Esq.
Smith Elliot Smith & Garmey
199 Main Street
Saco, ME  04072
Email: wkany@sesg.com

Saco & Biddeford Savings Institution
c/o Kathleen Konkoly, Esq.
Smith Elliot Smith & Garmey
199 Main Street
Saco, ME  04072
Email: kkonkoly@sesg.com

Thomas D. Godino
Godino & Company
Commercial Real Estate Services
225 Riverview Avenue, Suite 101
Auburndale, MA  02466
Email: tgodinosr@godinoco.com

TOP 20 CREDITORS:

**BY U.S. MAIL:**

NStar
One NStar Way, SW200
Westwood MA  02090

Town of Waltham
Water & Sewer
PO Box 540190
Waltham MA  02454

Metro Swift Sprinkler Corp.
56 R. Pulaski St.
PO Box 3007
Peabody MA  01960

Joseph I. Rogers, Esq.
Gillis & Bikofsky, PC
1150 Walnut Street
Newton Highlands, MA  02461

N.J.B. Inc.
ATT:  Sam Kaufman
10 Lantern Lane
Wrentham MA  02193

Squared Away
23 Lombard Street
Newton MA  02458-2513

Quincy Mutual Fire Insurance
PO Box 699150
Quincy MA  02269-9150

**LENDERS BY US MAIL:**

Option One
10333 Richmond Avenue
Houston TX  77042

Meredith Village Savings Bank
ATT:  Cindy Harper
24 State Route 125
PO Box 177
Meredith NH  03253

Mortgage Electronic Registration Systems
PO Box 2026
Flint, MI  48501

Citizens Bank
Michael McManus
28 State Street
Boston MA  02109

Lease Finance Group, LLC
132 West 31st Street, 14th Floor
New York, NY 10001
Attn.: Corinna Mahabeir

Option One
5718 Westheimer Road
Houston TX  77057

Greenpoint Mortgage
PO Box 1093
Branford, CT  06405

Union Capital Mortgage Business Trust
1137 N. Main Street
Randolph, MA  02368-2126

**OTHERS BY US MAIL:**

Adrian and Lysa Wilkins
c/o Dakoyannis & Sherring, LLC
Attn:  Louis J. Dakoyannis
91 Providence Highway, Suite 250
Westwood, MA  02090

Burns & Levinson
125 Summer Street
Boston, MA 02110-1624

Garrity Levin and Muir LLP
Attn.:  W. Arthur Garrity
1 Center Plaza
Boston, MA 02108

Sovereign Bank
75 State Street
Boston, MA 02109

MA DOR
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

Cohn & Dussi LLC
300 Trade Center
Woburn, MA 01801

Internal Revenue Service
Special Procedures Function STOP 20800
P.O. Box 9112
JFK Building
Boston, MA 02203

Office of the Attorney General
Commonwealth of Massachusetts
One Ashburton Place
Boston, MA 02108

Travelers Insurance
ATTN: Consumer Affairs
One Tower Square
Hartford, CT 06183

John Wright
48 A Street
Framingham, MA 01701

Paradise Painting Company
28 Summit Road
Stoneham MA 02180

Verdolino & Lowey, PC
Pine Brook Office Park
124 Washington Street
Foxboro MA 02035

Briarbrook Village Condo Association
c/o Mark S. Tilden, Esq.
600 Worcester Road
Framingham MA 01702

Altman & Altman LLP
Attn.: Isaac Peres
689 Massachusetts Avenue
Cambridge, MA 02139

Commonwealth of Massachusetts
Division of Unemployment Assistance
Bankruptcy Unit, 5th Floor, Attn: Chief Counsel
19 Staniford Street
Boston, MA 02144-2502

United States Attorney
John Joseph Moakley United States Courthouse
One Courthouse Way, Ste. 9200
Boston, MA 02210

Louis L. Coilfi
4 Marshall Street
Nutting Lake, MA 01865

Chaiyarerk Kamoisiri
12 Lowell Court
Medford MA 02155

Cronin Plumbing
c/o Howard Rock, Esq.
411 Waverly Oaks Road
Waltham, MA 02452

Home Suites
c/o Richard Dacey, Esq.
Dacey & Dacey, P.C.
707 Main Street
Waltham, MA 02451

Lisa Jacobs
PO Box 26
Fitzwilliam NH 03447

Carroll M. Lowenstein
423 Mystic Street
Arlington, MA 02474

Stephen Follansbee, Esq.
Follansbee & McLeod, LLC
536 Granite Street
Braintree MA  02184

Mr. Robert Lupo
89 Sudbury Road
Weston MA  02493

American Express Bank, FSB
c/o Gilbert B. Weisman, Esq.
Becket and Lee, LLP
PO Box 3001
Malvern, PA  19355