UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT N. LUPO | ) | Chapter 7 |
| | ) | Case No. 09-21945-JNF |
|     Debtor | ) | |
| | ) | |
| ROCKLAND TRUST COMPANY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. _____ |
| ROBERT N. LUPO, | ) | |
|     Defendant. | ) | |

## DISCHARGEABILITY COMPLAINT

The plaintiff Rockland Trust Company ("Rockland") brings this action pursuant to 11 U.S.C. §523(a)(6) and Fed. R. Bankr. P. 7001(6), seeking a determination by this Court that the debt of the within debtor, Robert N. Lupo (the "Debtor" or "Lupo") owed to Rockland is excepted from discharge, in an amount no less than $60,000, due to the Debtor's intentional and malicious damage to Rockland's interest in the real property located at 45 South Street, Waltham, Massachusetts ("South Street Property").

### Parties

1. The plaintiff, Rockland, is a trust company and community bank organized under the laws of Massachusetts, with a principal place of business in Rockland, Massachusetts.

2. The defendant, Lupo, is an individual residing, on information and belief, at 89 Sudbury Road, Weston, Massachusetts. Lupo is the within debtor, having commenced these

proceedings by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 10, 2009 ("Petition Date"). The case was converted to a Chapter 7 proceeding on September 18, 2010.

### Jurisdiction and Venue

3. This adversary proceeding arises under and is related to the above-referenced Chapter 7 case, currently pending in this District.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), (b)(1) and 1334(b), and Rule 201 of the Local Rules of the United States District Court for the District of Massachusetts. This is a core proceeding pursuant to of 28 U.S.C. § 157(b)(2)(I).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

### **COUNT I – Exception from Discharge** 
### **(28 U.S.C. 523(a)(6))**

#### Lupo's Secured Indebtedness to Rockland

6. Lupo's indebtedness to Rockland is evidenced by three promissory notes (the "Notes"). Specifically, on April 28, 1999, Lupo, as Trustee of Lupo Realty Trust, borrowed $550,000 from Charter Bank, the predecessor in interest to Rockland.

7. On December 14, 2001, Lupo, as Trustee of Felton Street Realty Trust, borrowed $740,000 from Chart Bank, formerly known as Charter Bank.

8. On July 10, 2002, Lupo, as Trustee of the 22 Felton Street Realty Trust, borrowed $620,000 from Chart Bank.

9. The Note obligations are guaranteed by Lupo, and secured by first mortgages on five different properties in Waltham, Massachusetts, including the South Street Property (collectively, "Mortgages"):

2

- 45 South Street, Waltham, Massachusetts

- 719-723 Main Street, Waltham, Massachusetts

- 22 Felton Street, Waltham, Massachusetts

- 91 Felton Street, Waltham, Massachusetts

- 32 Dartmouth Street, Waltham, Massachusetts

10. Pursuant to the terms of the Mortgages, the obligations are cross-collateralized.

11. Lupo individually is the mortgagor or successor-in-interest to the mortgagor for each of the mortgaged properties.

12. As a result of certain transfers of title made on the eve of bankruptcy, as of the Petition Date, title to all of the properties securing the indebtedness were held by Lupo, individually.

13. Each of the Notes is in default and was in default as of the Petition Date. As of the Petition Date, the Debtor was indebted to Rockland in the amount of $1,891,651, inclusive of principal, interest, and legal fees and other costs of collection. Due to the continued accrual of interest and collection costs, including legal fees, since the Petition Date, the Debtor's indebtedness to Rockland now exceeds $2,400,000.

Lupo's Intentional and Malicious Damage to the
South Street Property

14. The South Street Property is a two-family/two-story residential building. On or about the Petition Date, Lupo was reporting rent from three tenants.

15. In or around July 2010, Lupo illegally performed demolition and construction work at the South Street Property.

16. Lupo intentionally demolished the second floor and attic space of the dwelling.

1207381v2/16133-3

17. Lupo conducted this demolition *without* obtaining a legally required building permit, demolition permit, sewer and drainage permit, or fire and smoke permit from the local Waltham authorities.

18. Lupo did not have any formal architectural or engineering plans or specifications prior to commencing this work, nor did Lupo have available cash dedicated to completing a construction project on the South Street Property.

19. The Waltham Building Department issued a "stop work order" after learning of Lupo's illegal work.

20. Lupo left the South Street Property in a hazardous condition. Fire stops and rock wool insulation were removed from the area between each of the floors.

21. Lupo did not ensure that were temporary railings or other safety materials in place at the openings on the second floor, which created a serious life and safety hazard to the residents (including children) on the first floor of the building.

22. Lupo did not place any security measures in place to prevent these residents or their guests from accessing the construction site on the second floor where there were dangerous openings in the floor area.

23. Lupo 's demolition also violated his loan covenants with Rockland, specifically, Section 4.2 of the Mortgage and Security Agreement for the Property providing that the mortgagor "will not … without the prior written consent of Mortgagee, make or permit to be made any alterations or additions to the Mortgaged Property of a material nature."

24. Rockland has incurred damages in an amount no less than $60,000, which is the estimated amount necessary to restore the South Street Property to the condition that it was in prior to Lupo's demolition.

1207381v2/16133-3

25. The foregoing acts of the Debtor were intentional and malicious, which caused damage to Rockland's collateral and interest in the South Street Property, and as such, the Debtor's indebtedness to Rockland is non-dischargeable pursuant to 28 U.S.C. 523(a)(6) in the amount necessary to repair the damage caused by Lupo, but no less than $60,000.

**WHEREFORE**, Rockland demands that this Court issue an order:

a. Declaring and adjudging that Lupo's indebtedness to Rockland is excepted from Lupo's discharge based on his intentional and malicious damage to Rockland's real property, in an amount to be determined by this Court following a hearing on assessment of damages, but no less than $60,000;

b. Entering Judgment against Lupo and in favor of Rockland in an amount to be determined following hearing, in the amount necessary to restore the real property located at 45 South Street, Waltham, Massachusetts to the condition that it was in prior to the Lupo's demolition, as determined following a hearing by this Court to assess damages, but in no event less than $60,000;

c. Granting such other and further relief as is just and proper.

        ROCKLAND TRUST COMPANY
        By its attorneys,

        /s/ Laura A. Otenti
        David J. Reier (BBO No. 546202)
        Nicholas J. Nesgos (BBO No. 553177)
        Laura A. Otenti (BBO No. 660301)
        POSTERNAK BLANKSTEIN & LUND LLP
        Prudential Tower
        800 Boylston Street
        Boston, MA 02199-8004
        Tel:  617-973-6100
        Fax: 617-367-2315
        E-mail:  lotenti@pbl.com

Dated: December 20, 2010

1207381v2/16133-3

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing document was filed this 20th day of December, 2010 through the ECF filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by first class mail to Robert N. Lupo, 89 Sudbury Road, Weston, MA 02493.

                                              /s/ Laura A. Otenti
                                              Laura A. Otenti

1207381v2/16133-3