UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ROBERT N. LUPO,**                                                    Chapter 7
    Debtor                                         Case No. 09-21945-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

### I. BACKGROUND

The matters before the Court are Emergency Motion to Recuse the Judge and Additional Prayers (the "First Recusal Motion")(#917) filed by Lisa Jacobs ("Jacobs") on December 10, 2010, as well as the handwritten Amendment to that Motion filed by Jacobs on the same day (#921), and the Emergency Motion to Recuse the Judge and Additional Prayers filed on December 13, 2010 (the "Second Recusal Motion") (#941).[1] Through her First Recusal Motion, Jacobs seeks recusal because of her belief that the undersigned has conflicts of interest, is biased and prejudiced against the Debtor, banks, unsecured

---

[1] The Court notes that Jacobs has filed an Emergency Motion for Emergency Expedited Hearing on Emergency Motion to Recuse Judge Joan Feeney, and Additional Prayers on December 13, 2010 in conjunction with her Second Recusal Motion. The Court denied Jacobs's Emergency Motion for Emergency Expedited Hearing (#942) on December 15, 2010. Jacobs filed a Notice of Appeal with respect to that order on December 23, 2010 (#1047). Because the Court did not deny either her First or Second Recusal Motion on December 15, 2010, the Court concludes that it is not divested of jurisdiction to determine the Motions at this time.

1

creditors, and Jacobs. Additionally, Jacobs complains that the undersigned has not provided her with sufficient opportunity to answer pleadings, refused her permission to fax pleadings to the Court, refused to hear her motions, and ruled on some of her motions without a hearing.

In her First Recusal Motion, Jacobs also asserts that the undersigned has made erroneous rulings with respect to real estate law, as well as attorney ethics and real estate ethics. She maintains that it is grounds for recusal that the undersigned failed to disclose that she attended Suffolk University School of Law over thirty years ago at the same time as Joseph B. Collins, the Chapter 7 Trustee (the "Trustee"). Jacobs also makes unsubstantiated allegations that the undersigned has favored her former law firm, Hanify & King, in fee awards. She charges that the undersigned suffers from a mood disorder.

In her Second Recusal Motion, Jacobs reiterates her litanies of complaints about the undersigned. She represents that the undersigned, in effect, has interfered with the sale of property of the estate by the Chapter 7 Trustee by refusing potential buyers access to real properties.

Jacobs has moved to remove the Trustee and has made serious charges about his fulfillment of his duties as Chapter 7 Trustee.[2] Indeed, she has asserted that she was properly elected the Chapter 7 Trustee and there is a pending dispute as to the election. The essence of Jacobs's dissatisfaction with the rulings of this Court, however, can be

---

[2] Jacobs filed an Emergency Motion to Remove Trustee on October 20, 2010 (#536). Jacobs also has moved on an emergency basis to remove Paula Bachtell, Esq., an attorney with the United States Trustee program (#690).

gleaned from Jacobs's statement in her Second Recusal Motion that "Judge Feeney has regularly ruled not for me" and "[e]very motion filed by me should have been set for an evidentiary hearing."

In recently filed motions, namely a "Motion for Finding Bankruptcy Court Does Not Have Jurisdiction," and a "Motion for Relief from Stay," Jacobs reiterates the grounds for her dissatisfaction with the undersigned, stating that she [Jacobs] needs "to be in a better different court with a different judge who will rule for me," and that the undersigned "rules against me." She also indicates that she is being harassed by bankruptcy professionals and that she has been "repeatedly psychologically abused by Lupo." She describes both the Chapter 7 Trustee and the Debtor as villains, "who have chosen to fail to pay over 132 unsecured creditors about $800,000." She essentially concludes that the Court is part of a conspiracy to commit fraud on creditors.

## II. APPLICABLE LAW

In In re Johnson, 408 B.R. 123 (Bankr. S.D. Ohio 2009), the court set forth applicable law to recusal motions. It stated:

> Federal Rule of Bankruptcy Procedure 5004 provides that "[a] bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualified circumstance arises or, if appropriate, shall be disqualified from presiding over the case." Fed. R. Bankr. P. 5004(a). Under § 455, a judge should recuse himself when "(a) . . . his impartiality might reasonably be questioned . . . [or] (b)(1) [w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455.
>
> "While § 455 imposes a duty on the court to recuse where any of the

statutory grounds exist, there is a corresponding duty not to do so if cause for recusal has not been shown." [In re]Haas, 292 B.R. [167] at 175 [(Bankr. S.D. Ohio 2003)]. "The standard for determining whether a judge should be disqualified is an objective one: whether a reasonable person with knowledge of all facts would conclude that the judge's impartiality might reasonably be questioned." Id. at 177.

Two sets of circumstances present grounds for one to recuse oneself: the "Extrajudicial Source Doctrine," and the "Pervasive-Bias Exception."

123 B.R. at 125.  The court explained:

> The Extrajudicial Source Doctrine is invoked "when the judge forms opinions of the litigants based on information learned outside the course of judicial proceedings." Haas at 176. The United States Supreme Court addressed the Extrajudicial Source Doctrine in Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Liteky involved a motion to disqualify the district judge pursuant to 28 U.S.C. § 455(a) based on events that had occurred during and immediately after a trial before the same district judge, involving the petitioner. In Liteky, the Court emphasized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, at 555, 114 S.Ct. 1147. The Court also held that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for bias or partiality." Id.

> ***

> The Pervasive Bias Exception is available "when a judge whose information is limited to that revealed during the course of judicial proceedings forms a favorable or unfavorable opinion so extreme that fair judgment appears impossible." Haas, 292 B.R. at 177.

> ***

> "[A]dverse rulings by the court . . . do not constitute a basis for recusal. Judicial rulings and remarks not based on an extrajudicial source 'almost never constitute a valid basis' for recusal." Id. at 178-9. In fact, a motion for recusal based on opinions formed by the judge will not be granted unless "they display a deep-seated *favoritism or antagonism* that would make fair judgment impossible." Liteky, 510 U.S. at 555, 114 S.Ct. 1147 (emphasis

4

added).

In re Johnson, 408 B.R. at 126.

The test in the First Circuit has been summarized as follows:

[W]hether the charge of lack of impartiality is grounded on facts that *would* create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the litigant filing the motion under 28 U .S.C. § 455, but rather in the mind of the reasonable man.

Bradley v. Sugarbaker, 2010 WL 5376366 (D. Mass. Dec. 21, 2010) (quoting United States v. Voccola, 99 F.3d 37, 42 (1st Cir.1996), and United States v. Cowden, 545 F.2d 257, 265 (1st Cir.1976), *cert. denied*, 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977)) (emphasis added). In short, the disqualification issue must be analyzed from the perspective of "'an objective, knowledgeable member of the public .'" El Fenix de Puerto Rico v. M/Y JOHANNY, 36 F.3d 136, 141 (1st Cir.1994) (quoting In re United States, 666 F.2d 690, 695 (1st Cir. 1981)). *See also* In re Sylver, 214 B.R. 422, 427 (B.A.P. 1st Cir. 1997).

### III. DISCUSSION

Addressing the Extrajudicial Source Doctrine first, the undersigned finds that her law school attendance at the time the Trustee was attending the same law school over thirty years ago and her affiliation with former counsel to the Chapter 11 Debtor, Hanify & King, over eighteen years ago, have not caused her to form opinions about the litigants and have not affected her decisions in this case. Similarly, the Pervasive Bias Exception has not caused the undersigned to form a favorable or unfavorable position about the litigants that precludes her from rendering a fair judgment.

5

The Court is aware that Jacobs, who has filed a priority claim in the case, is disgruntled with the case and has unfavorable opinions about the Debtor, the Chapter 7 Trustee, former counsel to the Debtor, Hanify & King, the attorney for the United States Trustee, professionals employed by the Chapter 7 Trustee, and personnel in the Clerk's office, as well as the undersigned. The Court has attempted to address Jacobs's motions and requests, but has found that most of them lack merit and contain scathing and unsubstantiated contentions about the competence, motivations and character of the professionals involved in this case. The Court concludes that Jacobs's invective is the result of adverse rulings made against her in the case and that under an objective test the undersigned's impartiality cannot reasonably be questioned. Jacobs has denounced this Court for failing to rule in her favor. This Court has an obligation not to recuse in light of the unfounded statements made by Jacobs based upon adverse rulings. As the court noted in United States v. Salemme, 164 F.Supp.2d 86 (D. Mass. 1998),

> As the presiding judge, it is my duty to decide in the first instance whether a fully informed, reasonable person would question my impartiality because of the matters now at issue. In answering this question, I must keep in mind that a decision on disqualification must reflect not only the need to promote public confidence by assuring the appearance of impartiality, but also the need not to permit the reasonable perception that disappointed litigants can too easily prompt the disqualification of a fair judge in the hope of obtaining another judge more to their liking.
>
> In deciding this matter, I recognize that no judge is indispensable. If I cannot properly continue to preside, some other judge will. I am obligated, however, to continue to preside unless some reasonable factual basis to doubt my impartiality or fairness is shown by some kind of probative evidence. "Were less required, a judge could abdicate in difficult cases at the mere sound of controversy or a litigant could avoid adverse decisions by

6

alleging the slightest factual basis for bias."

164 F.Supp.2d at 91-92 (citation omitted). While these comments were made in the context of a criminal case, the Court concludes that those words are no less applicable in a bankruptcy case. A court cannot abdicate its responsibility to decide matters impartially even when litigants expressly states their hope of obtaining another judge more to their liking. Although it would tempting to abdicate a contentious case where dispersions are cast on the judge's character, this Court shall not succumb to Jacobs's obvious hope.

## IV. CONCLUSION

In view of the foregoing, the Court shall enter an order denying the Emergency Motion to Recuse the Judge and Additional Prayers (#917) and the Emergency Motion to Recuse the Judge and Additional Prayers (#941).

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: February 1, 2011