UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                      )
In re                                 ) Chapter 7, No. 09-21945-JNF
                                      )
ROBERT N. LUPO                        )
                                      )
                                      )
                    Debtor            )
_____)

**<u>MOTION TO COMPEL TURNOVER</u>**

To the HONORABLE JOAN N. FEENEY, Bankruptcy Judge:

    Now comes JOSEPH B. COLLINS ("Trustee"), Trustee in Bankruptcy of Robert N. Lupo, and he does hereby move this Honorable Court for the entry of an Order compelling Robert N. Lupo ("Debtor") to turnover property, documents, information and accountings to the Trustee.  In support of this Motion, the Trustee respectfully represents as follows:

    1.   On December 10, 2009, ("Petition Date") Robert N. Lupo ("Debtor") filed a Voluntary Petition pursuant to the provisions of Chapter 11 of the United States Bankruptcy Code ("Code") with the United States Bankruptcy Court for the District of Massachusetts ("Court").

    2.   On or about August 19, 2010, the Trustee accepted an appointment as Chapter 11 Trustee of the Debtor's Bankruptcy Estate.

3. On September 15, 2010, the Court entered an Order converting the Debtor's bankruptcy case to one under the provisions of Chapter 7 of the Code effective September 18, 2010 ("Conversion Order"). On or about September 18, 2010, the Trustee accepted an appointment as Chapter 7 Trustee of the Debtor's Bankruptcy Estate, and he continues to serve in that capacity.

4. The Trustee's investigation of the Debtor's financial affairs reveals that the Debtor, without notice to the Trustee or the approval of the Court, has rented unoccupied units within buildings that constitute property of his Bankruptcy Estate. The Trustee believes that the Debtor has retained rents received from these unauthorized rentals. Further, the Debtor has withheld copies of the written leases from the Trustee. Specifically, the Trustee says that the unauthorized leases include the following:

(a) On or about October 1, 2010, the Debtor executed a lease of a unit located at 93A Hammond Street, Waltham, Massachusetts.

(b) On or about October 1, 2010, the Debtor executed a lease of a unit located at Suite 302, 721 Main Street, Waltham, Massachusetts; and

(c) On or about September 24, 2010, the Debtor executed a lease of one unit at 166 Washington Street, Newton, Massachusetts.

5. The Trustee says that during his bankruptcy case, the Debtor has received and retained rents from tenants that

constitute property of the Bankruptcy Estate.  Upon information and belief, the rents that the Debtor has received and retained, include the following:

(a)  two checks in total the amount of $3,088.00 representing rent due for the months of October and November 2010 for the property located at 166 Washington Street, Newton, Massachusetts;

(b)  cash in the amount of $1,900.00 representing rent due for the month of November 2010 for a tenant at 164 Washington Street, Newton, Massachusetts;

(c)  monthly payments of $1,450.00 representing rent due for the months of October and November 2010 for a tenant at 93A Hammond Street, Waltham, Massachusetts;

(d)  a check in the amount of $2,016.00 representing rent for the months of September and October 2010 for the property located at 60A Orange Street, Waltham, Massachusetts;

(e)  cash in the amount of $420.00 paid to the Debtor on or about August 11, 2010 representing rent for the unit at 10A Nathan Road, Waltham, Massachusetts;

(f)  cash in the amount of $718.00 paid to the Debtor on or about July 2, 2010 representing rent for the unit at 236 Linwood Avenue, Newton, Massachusetts; and

(g)  cash in the amount of $1,450.00 paid to the Debtor on or about February 4, 2010 for the unit at 45 South Street, Waltham, Massachusetts.

6.  The Trustee says that on repeated occasions he has instructed the Debtor to turnover and account for all rents improperly received and all leases improperly executed. The Trustee says that the Debtor has generally ignored the Trustee's demands.

7.  In order to address the Debtor's improper retention of rents and his improper execution of leases, and to address other issues that have arisen during the administration of the Debtor's bankruptcy case, the Trustee seeks the entry of an Order compelling the Debtor to turnover the following property, documents, and information and to provide the following accountings:

(a)  a sum of money equivalent to all rents, security deposits, last months rents, and other receipts received by the Debtor from the Petition Date on account of property of the Bankruptcy Estate and not previously turned over to the Trustee or deposited into Debtor in Possession accounts including, without limitation, the following:

(i)  two checks in total the amount of $3,088.00 representing rent due for the months of October and November 2010 for the property located at 166 Washington Street, Newton, Massachusetts;

(ii) cash in the amount of $1,900.00 representing rent due for the month of November 2010 for a tenant at 164 Washington Street, Newton, Massachusetts;

    (iii) a check in the amount of $2,016.00 representing rent for the months of September and October 2010 for the property located at 60A Orange Street, Waltham, Massachusetts;

    (iv)  cash in the amount of $420.00 paid to the Debtor on August 11, 2010 representing rent for the unit at 10A Nathan Road, Waltham, Massachusetts;

    (v)   cash in the amount of $718.00 paid to the Debtor on or about July 2, 2010 representing rent for the unit at 236 Linwood Avenue, Newton, Massachusetts; and

    (vi)  cash in the amount of $1,450.00 paid to the Debtor on or about February 4, 2010 for the unit at 45 South Street, Waltham, Massachusetts;

    (b)  all original written leases, executed before or after the Petition Date, for all properties that constituted property of the Estate as of the Petition Date and including all properties held by the Debtor as Trustee, and excepting only those properties that have been abandoned prior to the date of this Motion;

    (c)  an accounting of all rents, security deposits, and last months rents received by the Debtor from the Petition Date that have not been turned over to the Trustee or deposited into a Debtor in Possession account;

    (d)  all Deleading Certificates for all properties that constituted property of the Estate as of the Petition Date;

(e) all keys to any safe deposit box owned or controlled by the Debtor including, without limitation, the safe deposit box referred in the Debtor's Bankruptcy Schedules;

(f) all original life insurance policies in which the Debtor has an interest either as owner, insured or beneficiary, including, without limitation, the Knights of Columbus life insurance policy listed on the Debtor's Bankruptcy Schedules and the Savings Bank Life Insurance policies that remain in his mother's Probate Estate;

(g) all documents and information relating to the Debtor's interest in the Estate of M. Adeline Lupo (the "Probate Estate"), and his appointment as an Executor or Administrator of the Probate Estate including, without limitation:

(i) any Will or Testamentary Trust made by M. Adeline Lupo including any amendment, modification or codicil thereto;

(ii) a copy of an inventory of all assets of the Probate Estate;

(iii) a detailed accounting of all receipts and disbursements from the Probate Estate including, without limitation, the date, amount, name and address of each party that paid funds into or received funds from the Probate Estate;

(iv) a detailed listing of all assets that remain in the Probate Estate;

(v) copies of all Federal and State tax returns filed in connection with the Probate Estate;

(vi) a list of property due to the Debtor from the Probate Estate to the extent that such property has not already been distributed to the Debtor; and

(vii) all original insurance policies that constitute property of the Probate Estate including, without limitation, insurance policies issued by Savings Bank Life Insurance Company, Policy Number 016010506 insuring the life of Robert N. Lupo and Insurance Policy Number 016010509 insuring the life of Joan Carol Batista;

(h)  a detailed list of all assets that remain property of The Piano Man, Inc. including, without limitation, all leases and accounts receivable;

(i)  a complete copy of the N&A Lupo Realty Trust, together with any amendments or modifications that may have been made from time to time; the names and addresses of all current and former trustees of the N&A Lupo Realty Trust and the dates of the service of each trustee; the original Schedule of Beneficiaries of the N&A Lupo Realty Trust and any amendments or modifications that may have been made from time to time;

(j)  a complete copy of the Nicholas A. Lupo Trust dated July 8, 1988 Trust A, together with any amendments or modifications that may have been made from time to time; the names and addresses of all current and former trustees of the Nicholas A. Lupo Trust dated July 8, 1988 Trust A and the dates of the service of each trustee; the original Schedule of Beneficiaries of the Nicholas A. Lupo Trust dated July 8, 1988

Trust A and any amendments or modifications that may have been made from time to time;

(k)   a complete copy of the Nicholas A. Lupo Trust dated July 8, 1988 Trust B, together with any amendments or modifications that may have been made from time to time; the names and addresses of all current and former trustees of the Nicholas A. Lupo Trust dated July 8, 1988 Trust B and the dates of the service of each trustee; the original Schedule of Beneficiaries of the Nicholas A. Lupo Trust dated July 8, 1988 Trust B and any amendments or modifications that may have been made from time to time;

(l)   all Certificates of Title, Certificates of Registration, Bills of Sale, and keys for all boats and boat trailers in which the Debtor has an interest;

(m)   all leases, occupancy agreements, documents, correspondence, notices and eviction pleadings or other pleadings relating to the individuals occupying the property located at 700 Boston Post Road, Weston, Massachusetts;

(n)   all year end statements for the years ending December 31, 2009 and December 31, 2010 for all accounts that the Debtor has, or has had, with financial institutions commonly know as "Putman" and "Oppenhiemer";

(o)   all listing agreements or other agreements with real estate brokers entered into by the Debtor, individually or in his capacity as trustee, for the period from January 1, 2009 through the date of this Motion relating the real property located at 10, Edgewater Street, Newton, Massachusetts.

WHEREFORE, the Trustee respectfully requests the entry of an Order providing the following relief:

1. Directing the Debtor, his agents and attorneys to turnover to the Trustee all property, documents, information and accountings specified herein;

2. Directing the Debtor to cooperate with the Trustee as necessary to enable the Trustee to perform his duties for the Bankruptcy Code;

3. Directing the Debtor, his agents and attorneys, to comply with the requirements of any Order that may be entered on this Motion within seven (7) days from the date of the entry of any such Order; and

4. Providing such other and further relief as the Court deems just and proper.

JOSEPH B. COLLINS, TRUSTEE

Dated:  February 3, 2011

By: /s/ Joseph B. Collins
JOSEPH B. COLLINS, ESQ.
(BBO No. 092660)
For HENDEL & COLLINS, P.C.
101 State Street
Springfield, MA 01103
Tel. (413) 734-6411
jcollins@hendelcollins.com