UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ROBERT N. LUPO,**                                      Chapter 7
    Debtor                                              Case No. 09-21945-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

# MEMORANDUM

The matters before the Court are 1) the Application for and Certificate of Appointment of Chapter 11 Trustee (#357) for the estate of Robert N. Lupo (the "Debtor"), filed on August 19, 2010, pursuant to which the United States trustee moved for the appointment of Joseph B. Collins as Chapter 11 Trustee, following consultations with counsel to the Official Committee of Unsecured Creditors, Herbert Weinberg, Esq., counsel to the Debtor, Stewart Grossman, Esq., and counsel to Rockland Trust Company, David Reier, Esq.; 2) the order entered by Bankruptcy Judge William C. Hillman (#358) on August 20, 2010, approving the appointment of Joseph B. Collins as Chapter 11 Trustee; 3) the conversion of the Debtor's Chapter 11 case to a case under Chapter 7 and the Certificate of Appointment of Interim Trustee and Fixing Bond (#402), filed on September 20, 2010,

1

pursuant to which the United States trustee appointed Joseph B. Collins, Esq., the former Chapter 11 Trustee, as the interim Chapter 7 Trustee (the "Trustee"); 4) the Emergency Motion to Remove the Trustee (#536), filed by Lisa Jacobs on October 20, 2010; 5) the Opposition of Trustee to the Emergency Motion to Remove the Trustee and Request for Other Relief (the "Opposition")(#564), filed by the Trustee on October 25, 2010; 6) the Motion for Restraining Orders (#597), filed by Lisa Jacobs on October 27, 2010, seeking, *inter alia* an order preventing the Trustee from selling any assets of the bankruptcy estate, and an order restraining the Trustee from objecting to the claims of unsecured creditors; 7) the representations and arguments of the parties at the hearing conducted on October 28, 2010 with respect to the Emergency Motion to Remove the Trustee (#536) during which the Court scheduled an evidentiary hearing for November 1, 2010; 8) the Emergency Motion for Time to Retain Counsel filed by Lisa Jacobs on October 29, 2010 (#619); 9) Lisa Jacobs's Response to the Opposition filed by the Trustee to the Emergency Motion to Remove the Trustee (#620), filed on October 29, 2010 in which she states: "I do not like the Judge and this Trustee not leaning my way, especially after I put a year of my life into this matter, was held hostage and have had intentional infliction of emotional distress;" 10) the Court's order of October 29, 2010 continuing the evidentiary hearing in view of the Emergency Motion to Retain Counsel; 11) the Motion to Dispute Election Results (#641), filed by Lisa Jacobs on October 29, 2010; 12) the Motion for a Second Election (#642), filed by Lisa Jacobs on October 29, 2010; 13) the Court's orders of November 2, 2010 denying the Motion to Dispute Election Results and the Motion for a Second Election as premature

because the Meeting of Creditors was not scheduled to occur until November 5, 2010; 14) the Court's order of November 4, 2010 consolidating the hearing on the Motion for Restraining Orders with the evidentiary hearing on Lisa Jacobs's Motion to Remove the Trustee; 15) the Emergency Motion to Vacate U.S. Trustee's Confirmation of Joseph Collins, Esq. and Additional Prayers (#694), filed by Lisa Jacobs on November 10, 2010; 16) the Motion to Request Court to Resolve the Disputed Permanent Trustee Election between Candidates Joe Collins, Esq. and Lisa Jacobs Real Estate Expert and Additional Prayers filed by Lisa Jacobs on November 18, 2010 (#759);[1] 17) the United States Trustee's Report of Disputed Election filed on November 22, 2010 (#778); 18) the Amendment to Emergency Motion to Vacate U.S. Trustee's Confirmation of Joseph Collins, Esq. and Additional Prayers filed by Lisa Jacobs on November 26, 2010 (#830); 19) the Amendment to Motion to Request Court to Resolve the Disputed Permanent Trustee Election between Candidates Joe Collins, Esq. and Lisa Jacobs Real Estate Expert and Additional Prayers (#831), filed by Lisa Jacobs on November 26, 2010; 20) the Affidavit of Lisa Jacobs in Support of #759 and #831; 21) the Amendment to United States Trustee's Report of Disputed Election (#851), filed by the United States Trustee on December 3, 2010; 22) the Emergency Motion to

---

[1] These additional prayers included requests to vacate the order confirming Joseph B. Collins, Esq. as Trustee and to designate Lisa Jacobs as permanent trustee; to order a second vote in front of "this Judge and his clerk [sic]; to require the Debtor to amend Schedule F and certify that all addresses are correct; to compel the Trustee to file a report with respect to estate assets within 30 days; "to [r]everse and remand Rockland Trust to give the 5 properties back to the trustee and deny the relief from stay;" to stay the trustee "from any further proceeding [sic] in this bankruptcy estate;" and to "[a]llow buyers to enter onto the properties to make bids."

Amend Emergency Motion Vacate [sic] Trustee's Confirmation of Joseph Collins, Esq. and Additional Prayers (#861), filed by Lisa Jacobs on December 3, 2010; 23) the Objection to the Amendment to United States Trustee's Report of Disputed Election (#882), filed by Lisa Jacobs on December 6, 2010; 24) the Amendment to Motion to Request Court to Resolve the Disputed Permanent Trustee Election between Candidates Joe Collins, Esq. and Lisa Jacobs Real Estate Expert and Additional Prayers (#883), filed by Lisa Jacobs on December 6, 2010; 25) the Amendment to Objection to Disputed Election Report (#902), filed by Lisa Jacobs on December 8, 2010; 26) the Amendment to Motion to Request Court to Resolve the Disputed Permanent Trustee Election between Candidates Joe Collins, Esq. and Lisa Jacobs Real Estate Expert and Additional Prayers (#904), filed by Lisa Jacobs on December 8, 2010; 27) the Response to United States Trustee's Report of Disputed Election and Multiple Pleadings Filed by Lisa Jacobs Regarding Disputed Election (#903), filed by the Trustee on December 9, 2010; 28) the Amendment to Motion to Request Court to Resolve the Disputed Permanent Trustee Election between Candidates Joe Collins, Esq. and Lisa Jacobs Real Estate Expert and Additional Prayers (#918), filed by Lisa Jacobs on December 10, 2010; 29) the representations and arguments of the parties made at the hearing held on December 13, 2010 at which the Court took under advisement the Emergency Motion to Vacate U.S. Trustee's Confirmation of Joseph Collins, Esq. and Additional Prayers (#694); 30) Opposition and Objection to Response to U.S. Trustee's Report of Disputed Election and Multiple Pleadings filed by Lisa Jacobs Regarding the Disputed Election (#978) filed by Lisa Jacobs on December 14, 2010; and 31) the Admentment [sic] to Motion for Court to

4

Resolve the Election Dispute (#1069), filed by Lisa Jacobs on December 28, 2010.

Upon consideration of the foregoing matters, the Court finds that Lisa Jacobs appears to have no intention of retaining counsel, and, therefore, her Motion to Retain Counsel is moot. Moreover, the Court finds that an evidentiary hearing with respect to the Emergency Motion to Remove the Trustee (#536), which the Court indicated on November 4, 2010 that it would schedule when Lisa Jacobs retained counsel, is ripe for determination and that an evidentiary hearing is unwarranted as the factual and legal arguments pertinent to that motion have been made by Lisa Jacobs in conjunction with her Emergency Motion to Vacate U.S. Trustee's Confirmation of Joseph Collins, Esq. and Additional Prayers (#694). Accordingly, the Court shall enter the following orders:

The Court DENIES the Emergency Motion to Remove the Trustee (#536).

The Court SUSTAINS the Opposition of Trustee to the Emergency Motion to Remove the Trustee and Request for Other Relief (#564).[2]

---

[2] On December 14, 2010, this Court granted, in part, the Trustee's Request for Other Relief. The Court restricted filings by Lisa Jacobs and entered the following order:

> Unless otherwise ordered by the Court, for good cause shown, the Court directs that any pleadings, motions, papers, objections or applications to be filed by Jacobs shall be limited to 10 pages double spaced in 12 point font. Moreover, the Court enjoins Jacobs from filing any motion, objection, pleading or paper that has been the subject of a prior request for an order. Failure to comply with this order shall result in imposition of further sanctions. In addition, Jacobs shall pay all outstanding filing fees which she owes to the Clerk within seven (7) days of the date of this order and file a copy of a certified check or money order evidencing such payment.

The Court DENIES the Emergency Motion to Vacate U.S. Trustee's Confirmation of Joseph Collins, Esq. and Additional Prayers (# 694).

The Court GRANTS IN LIMITED PART the Motion to Request Court to Resolve the Disputed Permanent Trustee Election between Candidates Joe Collins, Esq. and Lisa Jacobs Real Estate Expert and Additional Prayers (#759). The Court resolves the dispute in favor of the interim Trustee. The Court finds, based upon the Report of the United States Trustee (#778), as amended (#851), that Lisa Jacobs did not have sufficient eligible votes to be elected trustee.

The Court SUSTAINS the Trustee's objections set forth in his Chapter 7 Trustee's Response to United States Trustee's Report of Disputed Election and Multiple Pleadings Filed by Lisa Jacobs Regarding the Disputed Election (#903).

The Court OVERRULES the Objection filed by Lisa Jacobs to the Amendment to the United States Trustee's Report of Disputed Election (#882).

In support of the foregoing rulings, the Court notes that, pursuant to 11 U.S.C. § 702(b), a Chapter 7 trustee may be elected at a meeting of creditors held pursuant to 11 U.S.C. § 341 if requested by general unsecured creditors holding at least 20% of the allowable, undisputed, fixed, liquidated, unsecured claims entitled to distribution under 11 U.S.C. §§ 726(a)(2), (a)(3), (a)(4), 752(a), 766(h), or 766(i). Pursuant to Fed. R. Bankr. P. 2003(b)(3), a creditor is entitled to vote in a trustee election if it has filed, at or before the meeting of creditors, a proof of claim or a writing evidencing a proof of claim, unless the claim is insufficient on its face or an objection has been filed to the claim.

Based upon the Trustee's unrebutted argument that Jacobs was not authorized to solicit proxies and did not comply with the complex rules governing proxies set forth in Fed. R. Bankr. P. 2006(e), in particular the requirement to file with the Court and transmit

to the U.S. trustee a verified list of the proxies to be voted and a verified statement of the pertinent facts and circumstances in connection with the execution of delivery of each proxy, as well as his unrebutted calculations based upon 1) the universe of claims entitled to vote, which totals $586,840.42; 2) the necessity of votes from qualified claim holders totaling $117,368.08 (20% of the universe of claims as determine by the U.S. trustee); and 3) his receipt of votes from creditors holding claims totaling $224,367.36, the Court finds that Jacobs was not elected the permanent Chapter 7 trustee.

Even were this Court to have resolved the disputed election in favor of Lisa Jacobs, a circumstance unwarranted in fact or law, a motion to remove her as Chapter 7 trustee would immediately be granted as she is not disinterested and holds interests materially adverse to the Chapter 7 estate. *See* AFI Holding, Inc., 530 F.3d 832, 845 (9th Cir. 2008). Not only does Lisa Jacobs purport to be a priority creditor and the holder of an administrative claim, she has 1) impugned the integrity of the bankruptcy process; 2) impugned the integrity and competence of the bankruptcy professionals involved in the case; 3) demonstrated a disregard for the orderly administration of the case by filing numerous duplicative and frivolous pleadings, which establish ignorance of the law and the practicalities inherent in the administration of a Chapter 7 bankruptcy case; 4) caused unnecessary expense to the estate; and 5) caused needless delay because of the necessity of parties in interest to respond to her numerous filings.

The Court takes judicial notice that Lisa Jacobs has both asserted claims against the estate and unsuccessfully attempted to purchase property of the estate, namely a Cadillac

automobile at an auction conducted by an auctioneer employed by the Trustee with Court authority.[3] At the time Lisa Jacobs was asserting that she was the successful bidder for a Cadillac automobile, she also was seeking a determination that she had been elected trustee. Under those circumstances, the Court concludes that her removal would be warranted as she has disabling conflict of interests.

Pursuant to 11 U.S.C. § 324(a), a trustee can be removed from a pending case for "cause" after notice and a hearing. "'[A]lthough sufficient cause is not defined in the Bankruptcy Code, it is left for the courts to determine on a case by case basis.'" In re AFI Holding, Inc., 355 B.R. 139, 148 (B.A.P. 9th Cir. 2006) (citing 3 Collier on Bankruptcy ¶ 324.02, at 324-3 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2006)). "Cause" may be an adverse interest to the estate. See 11 U.S.C. § 101(14)(C). According to the United States Court of Appeals for the First Circuit, an "adverse interest" is the (1) possession or assertion of an economic interest that would tend to lessen the value of the bankruptcy estate; or (2) possession or assertion of an economic interest that would create either an actual or potential dispute in which the estate is a rival claimant; or (3) possession of a

---

[3] See Emergency Motion for Emergency Expedited Hearing on Emergency Temporary Restraining Order Preventing Lot #290 Cadillac from Being Re-titled (#744) ("I contracted for a Cadillac lot 290 and thereafter there was a breach of contract . . ."); Emergency Temporary Restraining Order Preventing Lot #290 from Being Re-titled [sic] (#756), Emergency Temporary Restraining Order Preventing Lot #290 Cadillac from Being Re-tiled (#793) ("I bid for lot 290 the Cadillac.  The auctioneer closed the bidding and my bid was the highest at $6,500. . . . I was the highest bidder before the bidding was closed, so I should have ended up with the vehicle . . .  I offered the consideration of the deposit and the deposit was refused. . . . ."), and Emergency Motion for Emergency Expedited Hearing on Emergency Motion for Temporary Restraining Order Preventing Lot #290 Cadillac from Being Re-titled (#794).

predisposition under circumstances that create a bias against the estate. *See* Rome v. Braunstein, 19 F.3d 54, 58 n. 1 (1st Cir.1994). Additionally "cause" may include incompetence or violation of a trustee's fiduciary duties. *See* In re AFI Holding, Inc., 355 B.R. at 148.

> In In re Jack Greenberg, Inc., 189 B.R. 906 (Bankr. E.D. Pa. 1995), the court observed:
>
> Section 323 provides that the trustee is the representative of the estate. In that capacity the trustee is a fiduciary and intended to be independent. *See* In re Manfred, 153 B.R. 430, 439 (Bankr.D.N.J.1993) (Chapter 7 trustee is a fiduciary of the estate for the benefit of the creditors and other parties in interest); In re I.D. Craig Service Corporation, 138 B.R. 490, 501 (Bankr. W.D. Pa.1992) (trustee in Chapter 7 bankruptcy case is fiduciary and must "adhere to strictest letter of the law in all his dealings with respect to the estate"). *See also* Casco Northern Bank, N.A. v. DN Associates d/b/a Atlantic Motor Inn (In re DN Associates d/b/a Atlantic Motor Inn), 3 F.3d 512, 514 (1st Cir. 1993) ("Section 323(a) of the Bankruptcy Code states that a trustee is the fiduciary of the bankrupt estate [.]"). Allowing a person with a conflict of interest to serve as trustee in a case runs counter to this fundamental precept that a trustee is a fiduciary.

189 B.R. at 910. Even though 11 U.S.C. §§ 321 and 702 do not contain an express requirement that the trustee not hold an interest materially adverse to that of the estate, this Court agrees with the court in In re Jack Greenberg, Inc., that "a Chapter 7 trustee, without regard to how he gained his office, cannot serve with a disabling conflict of interest." Id. at 911.

Based upon Lisa Jacobs's conduct, particularly her conduct in filing frivolous pleadings and in simultaneously attempting to acquire assets of the bankruptcy estate while asserting that she should be the permanent trustee charged with administering its assets ("I am better than any trustee on the panel, or attorney to write these motions as I

9

know this case better than any body. . ."), the Court finds that Lisa Jacobs has an interest materially adverse to the estate and could not properly serve as trustee even if she had been elected, which she was not. The Court further finds that Lisa Jacobs is not disinterested, *see* 11 U.S.C. § 101(14)(A), as she purports to be a creditor.

In summary, the Court determines that Lisa Jacobs was not elected the permanent Chapter 7 trustee and that she failed to establish legitimate grounds for the removal of the interim Trustee. As the United States trustee is charged with supervising the trustee, *see* 28 U.S.C. § 586(a)(3), the Court infers from the lack of support for Jacobs's motions that neither the United States trustee or the other constituencies in the case share her view of the Chapter 7 Trustee's performance.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: February 3, 2011