# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
## (Eastern Division)

| | |
|---|---|
| In re<br><br>ROBERT N. LUPO,<br><br>              Debtor. | Chapter 7<br>Case No. 09-21945 JNF |

## MOTION TO ALLOW
## CREDITOR'S PROOF OF CLAIM TO BE CONSIDERED TIMELY FILED CLAIM

Joan Batista (the "Claimant"), a creditor of the estate of the above-referenced debtor (the "Debtor"), hereby moves this Court for the entry of an Order allowing her proof of claim, filed contemporaneously herewith, to be considered a timely filed claim. In support of this Motion, the Claimant states as follows:

1.  The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on December 10, 2009. The case was converted to a case under Chapter 7 on September 18, 2010.

2.  The Claimant has filed a proof of claim in this case, contemporaneously herewith, asserting a general unsecured claim in the case in the amount of $2,488,350 (the "Proof of Claim").

3.  The Debtor and the Claimant are brother and sister. The claim asserted in the Proof of Claim arises from the Claimant's status as an heir, along with the Debtor, of their parents' probate estates. Pursuant to the estate planning of their parents, various properties were placed in several trusts (the "Lupo Trusts") for the benefit of both the Debtor and the Claimant.

4.  The Debtor was named as a trustee of the Lupo Trusts, and a longtime associate of the Debtor, Kenneth Lopez, is presently the other trustee of the Lupo Trusts.

5. For several years, due to the Claimant's receipt of a distribution of only a minimal portion of the Lupo Trusts' assets, the Claimant has had misgivings about the Debtor's stewardship of the Lupo Trusts. Nonetheless, her inquiries have been rebuffed by the Debtor.

6. Since the last accounting that she received with respect to the Lupo Trusts on August 8, 2005, she has received distributions totaling only $349,5000, despite an accounting indicating trust assets with a value of $6,175,700 at that time. Accordingly, the Proof of Claim asserts the Claimant's best estimate as to amounts due to her after deducting $500,000 for amounts allegedly owed by her parents' probate estate for estate taxes, splitting the remaining assets between the Claimant and the Debtor, and deducting the $349,500 distributed to her thus far.

7. This Court established December 27, 2010 as the deadline to file proofs of claim in this case (the "Bar Date").

8. The Claimant was not listed as a creditor in the Debtor's schedules and did not receive notice of the Debtor's bankruptcy filing. The Claimant first received notice of the Debtor's bankruptcy filing in late December, 2010, following the conversion of the case to Chapter 7, when the Debtor called her to seek her approval of the use of the assets of the Lupo Trusts to "buy his way out of bankruptcy." Accordingly, it appears that the first notice that the Claimant received of the Debtor's bankruptcy filing occurred within days of the December 27, 2010 Bar Date.

9. In accordance with Fed. R. Bankr. Proc. 9006(b)(1), this Court has authority to allow the Proof of Claim to be deemed timely filed upon a showing of "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 390, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993).

10. While the Debtor is uncertain as to the exact date in late December when she received notice of the Debtor's bankruptcy case, she does believe that it was in late December 2010. Given the timing of the Claimant's receipt of actual notice of the Debtor's bankruptcy filing, it appears likely that it would have been nearly impossible to locate local counsel, provide the information necessary to determine whether a claim existed and effectuate a timely filing of a proof of claim in this case.

11. While there was some delay between the notice of the bankruptcy in late December 2010 and the filing of the Proof of Claim on April 20, 2011, such delay is entirely excusable. The Claimant is not a sophisticated businessperson and lives in Northern California. She had neither an understanding of bankruptcy law nor immediate access to counsel in Massachusetts. Her initial inquiries with the Debtor and non-bankruptcy counsel in California led her to believe that as the Lupo Trusts were at least nominally "spendthrift trusts", they were likely not implicated in the bankruptcy. Nonetheless, she began an inquiry with various parties to attempt to obtain legal advice from Massachusetts bankruptcy counsel, which culminated in the retention of the undersigned on April 8, 2011. After a brief investigation into the facts surrounding the case and the Lupo Trusts, the Proof of Claim was filed on April 20, 2011.

12. This motion has been served on the Debtor, Debtor's counsel, all parties who have filed a notice requesting service and all creditors who have filed proofs of claim in the case, and the Claimant requests that such service be deemed sufficient in accordance with Fed. R. Bankr. Proc. 2002(h).

13. Based upon the foregoing, the Claimant requests that this Court enter an Order deeming the Proof of Claim timely filed.

WHEREFORE, the Claimant respectfully requests that this Court enter an Order:

1) deeming service of this motion as set forth in paragraph 12 herein sufficient as per Fed. R. Bankr. Proc. 2002(h);

2) allowing the Proof of Claim filed by the Claimant to be deemed timely for all purposes; and

3) granting such other and further relief as it deems just and proper.

        JOAN BATISTA

        By her attorneys,

        /s/ Philip C. Silverman
        Philip C. Silverman, Esq. (BBO #555492)
        Anderson Aquino LLP
        240 Lewis Wharf
        Boston, MA 02110
        (617) 723-3600
        Psilverman@andersonaquino.com

Dated: April 21, 2011