UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ROBERT N. LUPO**,                                             Chapter 7
    Debtor                                              Case No. 09-21945-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

**I. INTRODUCTION**

    The matters before the Court are the Supplemental Application for Compensation and Reimbursement of Expenses by Murphy & King, Professional Corporation, Predecessor Counsel to the Debtor (the "Supplemental Application"), and the Debtor's Objection to the Supplemental Application.  Through its Supplemental Application, Murphy & King ("M & K"), seeks fees in the amount of $38,677 and reimbursement of expenses in the amount of $1,358.91, although it adds that it has agreed to voluntarily reduce its request for compensation and expense reimbursement to $30,000 in the event it is not required to expend additional time responding to objections to the Supplemental Application.  The Debtor objected to the Supplemental Application on grounds that M & K should not be compensated for time spent *defending* its original Application and, in the event, the Court were to award M & K any fees, allowed fees should be limited to 3% to 5% of the amount sought in its original Application, citing Coulter v. State of Tenn., 805 F.2d 146, 151 (6th Cir. 1986), *cert. denied,* 482 U.S. 914 (1987).

1

## II. BACKGROUND

On December 23, 2010, Hanify & King, Professional Corporation ("H & K"), as predecessor counsel to the Debtor, filed an Application for Compensation and Reimbursement of Expenses (the "Application"), seeking allowance of fees in the sum of $189,502 and reimbursement of expenses in the sum of $9,587.84 for services rendered to the Debtor, Robert N. Lupo (the "Debtor"), from the commencement of the Debtor's Chapter 11 case through June 29, 2010, when it was permitted to withdraw as counsel to the Debtor. The Debtor's Chapter 11 case subsequently was converted to a case under Chapter 7.

The Debtor objected to the Application on a number of grounds, including counsel's alleged failure to fully explain to the Debtor the consequences of the filing of a Chapter 11 petition and counsel's alleged faulty advice to refrain from listing certain properties of the estate in his bankruptcy schedules. In addition, the Debtor asserted that counsel's fees were excessive; in a subsequent submission, he asserted that H & K committed malpractice. The Court held an evidentiary hearing with respect to the Application and the Objection and determined that the Debtor's Objection and additional claims for negligence and malpractice were "without merit." The Court awarded M & K compensation for services and reimbursement of expenses in the amounts requested in the Application.

## III. APPLICABLE LAW

Case law is unsettled as to whether attorneys are entitled to fees for defending, as opposed to preparing, fee applications. In <u>In re Millennium Multiple Emp. Welfare Benefit</u>

Plan, __ B.R. __, 2012 WL 759489 (Bankr. W.D.Okla. Feb. 3, 2012) ("Millennium"), the court observed:

> Compensation may be awarded for the preparation of a fee application "based on the level and skill reasonable [sic] required to prepare the application". 11 U.S.C. § 330(a)(6). However, the Bankruptcy Code does not address whether compensation may be awarded for defending a fee application against objections. Courts are divided on whether the successful defense of a fee application is compensable. Courts awarding such fees have found that to do otherwise would dilute the fee award in violation of § 330(a), thus impermissibly reducing the effective compensation of bankruptcy attorneys to levels below that of attorneys generally. Smith v. Edwards & Hale, Ltd. (In re Smith), 317 F.3d 918, 928 (9th Cir. 2002), *abrogated on other grounds by* Lamie v. United States Trustee, 540 U.S. 526, 531–39, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). Other courts awarding such fees are Boyd v. Engman, 404 B.R. 467, 482–83, (Bankr. W.D. Mich. 2009) (defending attorney fee application is part of attorney's role in the bankruptcy administration process and thus compensable), and Big Rivers Electric Corp. v. Schilling (In re Big Rivers Electric Corp.), 252 B.R. 670, 675 (Bankr. W.D. Ky. 2000) (failure to award such fees would force applicant to bear costs of defending a fee that was properly awarded by the court).
>
> Fees for the defense of fee applications have been denied by courts finding that the estate was not benefitted thereby, and that awarding fees could encourage the assertion of meritless fee requests. Boldt v. Crake ( In re Riverside–Linden Inv. Co.), 945 F.2d 320, 324 (9th Cir. 1991). Other courts have denied such fees on the basis that the "American Rule" applies and that parties generally must bear their own litigation expenses absent specific statutory authority or contractual provision to the contrary. In re St. Rita's Assoc. Private Placement L.P, 260 B.R. 650, 652 (Bankr. W.D.N.Y. 2001). *See* In re Frazin, 413 B.R. at 400 (Bankr. N.D. Tx. 2009).

Millennium, 2012 WL 759489 at *11. The court in Millennium concluded that the rationale of Boyd v. Engman, 404 B.R. 467 (Bankr. W.D. Mich. 2009), a decision in which the court allowed fees for the defense of a fee application, was both compelling and consistent with the overall purpose of § 330 of the Bankruptcy Code, adding that it "provides a benefit to

the bankruptcy estate and to the bankruptcy system." Id. (citing In re ASARCO, LLC, 2011 WL 2974957 at *39–40 (Bankr. S.D. Tex. July 20, 2011)), which adopted the Engman analysis. The court, however, observed:

> While the court will award fees for both the preparation and defense of the fee application in this case, the amount to be awarded should be carefully considered. It would seem obvious that the level of skill and expertise required for the preparation and defense of a fee application would be less than that required for representation on more substantive issues. For this and various other reasons, bankruptcy courts have tended to limit the amount of fees awarded for the preparation and defense of fee applications as compared to fees awarded for other services rendered by attorneys. A number of bankruptcy courts have placed a cap on the amount awarded. In re Bass, 227 B.R. 103, 109 (Bankr. E.D. Mich.1998) (fees for preparation of fee application limited to 5% of total fees requested, absent exceptional circumstances); In re Atwell, 148 B.R. 483, 491–92 (Bankr. W.D. Ky. 1993) (same). See In re Mesa Air Group, Inc., 449 B.R. 441, 445 (Bankr. S.D.N.Y. 2011) (fee cap not adopted, "but the 3%–5% range is a useful metric."); In re Heck''s, Inc., 112 B.R. 775, 793 (Bankr. S.D.W. Va.1990), *aff'd in part, rev'd in part on other grounds,* In re Heck's Properties, Inc., 151 B.R. 739 (S.D. W.Va. 1992) (imposing a 3% cap for preparation of fee application); In re Churchfield Mgmt. & Inv. Corp., 98 B.R. 838, 866 (Bankr. N.D. Ill. 1989) (compensable hours for preparation and litigation of fee application set at 10% of total hours applied for, departing from court's self-imposed limit of 3%); In re Chicago Lutheran Hosp. Ass'n., 89 B.R. 719, 743 (Bankr. N.D. Ill.1988) (applicant awarded 7.5% of total fees for prosecuting fee application).

Millennium, 2012 WL 759489 at * 11. *See also* Coulter v. State of Tenn., 805 F.2d at 151 (limiting fees to 3% to 5% of the compensation awarded for the hours allowed in the underlying case). The court in In re ACT Mfg., Inc., 281 B.R. 468, 485–86 (Bankr. D. Mass. 2002), however, criticized the application of caps as arbitrary because a cap might not adequately compensate an applicant seeking a modest fee award, while overcompensating those seeking substantial fees, while noting that a $50,000 fee to prepare a $1 million fee

4

application is probably excessive.

In all circumstances involving fee applications, the bankruptcy court has an independent judicial responsibility to review the fees of professionals, even in the absence of objections, In re Claudio, 459 B.R. 500, 512 (Bankr. D. Mass. 2011 (citing In re First Software Corp., 79 B.R. 108, 111 (Bankr. D. Mass. 1987)), and the burden of proof is on the party requesting compensation. Claudio, 459 B.R. at 512 (citing In re Narragansett Clothing Co., 210 B.R. 493, 498 (B.A.P. 1st Cir. 1997)).  Moreover, the court's review should consider section 330(a)(3) of the Bankruptcy Code which provides:

> . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors including—
>
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

**IV. DISCUSSION**

Like the court in Millennium, this Court finds that the decision in Boyd v. Engman,

404 B.R. 467 (Bankr. W.D. Mich. 2009), is compelling, particularly where, as here, the Debtor's objections to the Application involved serious allegations of malpractice, which this Court determined to be utterly devoid of merit. In Engman, the court stated:

> Although Coulter may be dictum as applied to bankruptcy, that decision provides strong support for the notion that bankruptcy attorneys should not be forced to bear the costs of defending a fee application against objections. *To hold otherwise would allow a litigious objecting party to negotiate unwarranted reductions in a fee award simply because the attorney is faced with a no win situation: even if the attorney fights the objection and prevails, the time and resources spent on the issue often will outweigh the value of the amount in dispute.* Such a scenario would undoubtedly compromise a bankruptcy attorney's ability to represent the estate, and might also deter competent attorneys from specializing in bankruptcy law. This is precisely the problem that Section 330(a) was designed to combat.

404 B.R. at 483 (emphasis supplied) (citing, *inter alia,* In re Worldwide Direct Inc., 334 B.R. 108, 112 (D. Del. 2005)). The Court finds because the Debtor's objection to the Application was devoid of merit but, nevertheless, contained potentially damaging allegations, a refusal to allow, or to arbitrarily cap, the fees incurred by M & K in defense of the Application would reward the Debtor for proffering an unmeritorious objection, while penalizing M & K by, in effect, reducing the fees awarded to it with respect to its Application.

Having determined that the better reasoned decisions permit M & K to recover attorneys' fees and expenses incurred in the defense of the Application, the Court shall enter an order approving the Supplemental Application. The Court reviewed the itemization of services rendered and determined that the amount of time spent on certain tasks was excessive. The Court's assessment of the amount by which compensation for

6

services rendered should be reduced, however, did not exceed M & K' voluntary reduction of the compensation it seeks for services rendered and reimbursement of expenses.

## V. CONCLUSION

In accordance with the foregoing, the Court shall enter an order overruling the Debtor's Objection to the Supplemental Application and awarding M & K $30,000 for both services rendered and reimbursement of expenses..

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: May 14, 2012