UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
In re
**ROBERT N. LUPO,**                                                                Chapter 7
    Debtor                                                                      Case No. 09-21945-JNF
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

Several motions filed by Lisa Jacobs ("Ms. Jacobs"), a creditor of the Debtor, Robert N. Lupo (the "Debtor"), are before the Court, including the following:

1) an untimely "Motion for Extension of Time re: Motions for Reconsideration" (#2315), filed on November 12, 2013, with respect to orders entered on October 21, 2013, which contains false, scandalous, and frivolous allegations concerning this judge and the Chapter 7 Trustee and his attorneys, as well as non-public information which could pose a threat to this judge and the Chapter 7 Trustee;

2) an untimely "Motion for Reconsideration of Last 3 Decisions Issued by Justice Joan Feeney & Request to be Heard by a Judge Other than Joan Feeney" (#2316), filed on November 12, 2013, with respect to orders entered on October 21, 2013, in which Ms. Jacobs seeks reconsideration of

    (a) the denial (#2311) on October 21, 2013 of a "Motion for [Attorney David G.] Baker Not to Be Allowed to Withdraw and for Him to File a Motion for Rule 2004 Documents and Motion for Reconsideration" (#2304),

    (b) the denial (#2312) on October 21, 2013 of "Motion for Rule 2004 Request for Documents" (#2305), pursuant to which Ms. Jacobs sought, *inter alia,* documents pertinent to motions for reconsideration, a motion for permission to sue the Chapter 7 trustee, a motion to sue the bankruptcy estate, prosecution of legal malpractice claims against her former attorney, David G. Baker, and Attorney Louis Robin, suit against the federal court

1

system, on-going suits in Middlesex Superior Court involving claims against the Debtor and others, and to which Ms. Jacobs attached a 10-page affidavit and 25 exhibits, and

(c) the denial (#2313) on October 21, 2013 of a "Request to be Heard by Another Judge" (#2306), in which Ms. Jacobs sought the removal of this judge from determining her motions and in which she repeats charges of bias and prejudice that have permeated numerous other documents filed by her in this case;

3) the "Motion for Permission to Sue Trustee Joe Collins and to be Heard by a Judge Other than Judge Joan Feeney" (#2317), filed on November 12, 2013, in which Ms. Jacobs seeks, *inter alia,* the removal of this judge, and makes defamatory and outrageous charges of corruption against this Court, as well as the United States trustee's office, and again sets forth non-public information which could pose a threat to this judge and the Chapter 7 Trustee;

4) the "Objection to Joe Collins [sic] Final Fee Request & Request Being Heard by Other Than Judge Joan Feeney" (#2318), filed on November 12, 2013, which contains scandalous charges that this Court is corrupt and should be criminally charged, defamatory charges that the Chapter 7 Trustee is unethical, as well as non-public information which could pose a threat to this judge and the Chapter 7 Trustee; and

5) a "Notice of Interested Party and Request for Pleadings" (#2320), in which Ms. Jacobs purports to be acting on behalf of Lisa S. Carlson, Esq., although the appearance is unsigned by Attorney Carlson who may not be aware of the notice or its purposes of obtaining copies of pleadings filed in this bankruptcy case.

Prior documents and orders filed or entered in this case pertinent to Ms. Jacobs's present submissions, including, but not limited to, the following, inform the Court's decision with respect to a determination of the foregoing Motions and Objection and other relief:

(a) the "Emergency Motion to Remove Trustee" filed by Ms. Jacobs on October 20, 2010 (# 536);

2

(b) the "Emergency Motion to Remove Paula Bachtell, Esq. from Any Further Involvement"(# 690) filed by Ms. Jacobs on November 10, 2010;

(c) the order (#968) entered on December 14, 2010 in which the Court stated: "Unless otherwise ordered by the Court, for good cause shown, the Court directs that any pleadings, motions, papers, objections or applications to be filed by Ms. Jacobs shall be limited to 10 pages double spaced in 12 point font. . . [and] . . . enjoins Ms. Jacobs from filing any motion, objection, pleading or paper that has been the subject of a prior request for an order;"

(d) the Memorandum and Order dated February 1, 2011, *see* In re Lupo, No. 09-21945, 2011 WL 350522 (Bankr. D. Mass. Feb. 1, 2011),[1] pursuant to which the Court denied:

> (i) the Emergency Motion to Recuse the Judge and Additional Prayers (the "First Recusal Motion")(#917) filed on December 10, 2010, as well as the handwritten Amendment to that Motion filed by Ms. Jacobs on the same day (#921),
>
> (ii) the Emergency Motion to Recuse the Judge and Additional Prayers (the "Second Recusal Motion") (#941), filed on December 13, 2010;

(e) the Memorandum and Orders entered on July 23, 2012, *see* In re Lupo, No. 09-21495-JNF, 2012 WL 3018053 (Bankr. D. Mass. July 23, 2012), following an evidentiary hearing[2] with respect to 1) the Chapter 7 Trustee's "Objection to

---

[1] In its decision, the Court noted that Ms. Jacobs in a "Motion for Finding Bankruptcy Court Does Not Have Jurisdiction," and a "Motion for Relief from Stay," reiterated grounds for her dissatisfaction with the undersigned, stating that she [Ms. Jacobs] needs "to be in a better different court with a different judge who will rule for me," and that the undersigned "rules against me." She also indicated that she is being harassed by bankruptcy professionals and that she has been "repeatedly psychologically abused by Lupo." She described both the Chapter 7 Trustee and the Debtor as villains, "who have chosen to fail to pay over 132 unsecured creditors about $800,000." She essentially concluded that the Court is part of a conspiracy to commit fraud on creditors.
    Ms. Jacobs continues to advance these baseless, unfounded theories in her recent submissions.

[2] At the hearing, Ms. Jacobs was represented by counsel. Three witnesses testified, including Ms. Jacobs and the Debtor, and 25 exhibits were introduced into

3

Chapter 11 Administrative Claim (Docket # 643) and to Administrative Proof of Claim (Claim No. 1–2) filed by Lisa Jacobs;" and 2) the Chapter 7 Trustee's Objection to the Proof of Claim (#663) filed by Ms. Jacobs, pursuant to which the Court entered an order allowing Ms. Jacobs a prepetition unsecured claim in the sum of $23,701.47 and denying her request for payment of any sums as administrative expenses of the Chapter 11 bankruptcy estate and from which there were no timely appeals; and

(f) the "Motion to Recuse Justice Joan Feeney from Further Involvement with Me or My Family," (#2284) filed on July 11, 2013, which this Court denied on July 29, 2013 (#2293), *see* 28 U.S.C.§ 455(a); U.S. v. Bulger, 710 F.3d 42 (1st Cir. 2013); In re Johnson, 408 B.R. 123 (Bankr. S.D. Ohio 2009).

## II. DISCUSSION

A. Applicable Law

Bankruptcy courts have inherent authority to enjoin vexatious litigation. As the court in Woodward v. Dicks (In re Dicks), 306 B.R. 700 (Bankr. M.D. Fla. 2004), observed:

> This Court has inherent authority to enjoin vexatious litigation by litigants who have settled on a course of conduct involving the repetitive filing of duplicative legal papers rearguing a position rejected a multitude of times by numerous trial and appellate courts, where such litigation causes needless expense to other parties, where the litigants have no objective, good-faith expectation of prevailing, and where the multiple filings place an unnecessary burden on the courts.

Id. at 701.

Courts determining whether to prohibit continuing patterns of vexatious litigation have adopted standards suitable to the circumstances presented by such litigation. *See* Martin-Trigona v. Lavien (In re Martin-Trigona), 737 F.2d 1254, 1262 (2d Cir.1984) ("A history of litigation entailing 'vexation, harassment and needless expense to [other parties]'

---

evidence.

and 'an unnecessary burden on the courts and their supporting personnel' is enough."). *See also* Martin-Trigona v. Lavien (In re Martin-Trigona), 763 F.2d 140 (2d Cir. 1985), *cert. denied*, 474 U.S. 1061 (1986); Matter of Hartford Textile Corp., 681 F.2d 895, 897 (2d Cir.1982), *cert. denied*, 459 U.S. 1206 (1983); Piccone v. N.Y. State Dep't of Health, OPMC, No. 12 CV 641 (WFK), 2012 WL 566545 (E.D.N.Y. Feb. 21, 2012).

According to the Court in In re Dicks,

> In order to support a *Martin–Trigona* injunction, the movant must show: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective, good-faith expectation of prevailing, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, and (5) whether other sanctions would be adequate to protect the courts and other parties.

Id. at 706 (citations omitted).

B. Analysis

In applying the standards set forth above, the Court finds that Ms. Jacobs has continually appeared in these proceedings *pro se* with just one significant exception: she engaged counsel to assist her in defending the Trustee's objections to her claims.

Ms. Jacobs filed a notice of appearance in the Debtor's Chapter 11 case on December 17, 2009. For the past four years, she has embarked on a course of filing frivolous motions and objections that contain irrational and barely comprehensible requests for relief that frequently include scandalous and defamatory accusations. For example, she filed: 1) a Motion for Restraining Orders (#597) against the trustee, seeking to prevent him from

5

taking "any more actions in this case and to cease and desist unless emergently needed," as well as an "Emergency Motion to Remove Paula Bachtell, Esq. from Any Further Involvement," (#690), maintaining that the U.S. trustee's office "routinely sabotages the election [of trustees] at the 341 meeting;" and 2) an "Emergency Motion to Reference the Case Back into Regular Federal Court and or [sic] into District Court" (#699), in which she sought, *inter alia*, an order "for removal to regular federal court and in particular to the assignment of Judge Woodlock," as well as an alternative request to transfer the case to Judge Hillman. The Court, in an order dated November 12, 2010 (#714), denied the motion in part and treated it in part as a Motion to Withdraw the Reference. The district court promptly denied the Motion to Withdraw the Reference less than one week later on November 18, 2010.

Ms. Jacobs has pursued a relentless campaign to have the undersigned remove herself from this case based upon frivolous and unsubstantiated claims of bias and prejudice. Throughout the case, Ms. Jacobs has filed motions which are wholly without merit, burdening the estate and the professionals involved in its administration. In addition to the submissions referenced above, Ms. Jacobs disputed the election of Joseph Collins as Chapter 7 Trustee and sought the removal of counsel to the U.S. trustee, Paula Bachtell, Esq. Additionally, she has filed numerous emergency motions, and motions for reconsideration, without cause and out of time. Many of her motions contain repeated, baseless assertions. She has cost the bankruptcy estate needless expense in responding to motions for reconsideration alone. Her actions have harmed creditors by increasing the

amount of the fees incurred by the Chapter 7 Trustee's counsel in responding to her innumerable motions. Her actions in filing emergency motions and motions for reconsideration also have burdened court personnel. Ms. Jacobs's refusal to understand and accept the fiduciary obligations imposed on the Chapter 7 Trustee; her refusal to understand and accept the priority scheme of the Bankruptcy Code for the payment of claims, *see* 11 U.S.C. §§ 503, 507, and the burden of proof incident to both unsecured claims and administrative expenses; and her refusal to understand and accept that there is no basis for this judge to remove herself from handling this case simply because the Court has not ruled in her favor, are outrageous and evidence extreme bad faith.

    Ms. Jacobs seeks reconsideration of the Court's final order of July 23, 2012, in which the Court sustained in part the Chapter 7 Trustee's objections to her claims and allowed her a general unsecured claim in the sum of $23,701.87, citing the ineffectiveness of her counsel. The time for filing an appeal of that order has long since passed. She also seeks reconsideration of an order dated October 12, 2013, denying her request for production of documents from numerous individuals most of whom have little or no connection with the bankruptcy estate. She seeks reconsideration of the denial of other final orders entered by the Court on October 21, 2013. Her assertions of bias, prejudice, and corruption are baseless and defamatory and evince nothing more than frustration that this Court has not ruled to her level of satisfaction in all matters. As a creditor with a claim of approximately $23,000, she has undoubtedly cost the estate more than that sum by relentlessly filing, in one form or another, repeated motions for recusal and for the removal of the Chapter 7 Trustee and

counsel to the U.S. trustee.

Not content with making her own unsubstantiated and frivolous assertions of bias and prejudice, however, Ms. Jacobs now invites others to join her bandwagon and file lawsuits against this judge and the Chapter 7 Trustee relating to this case. To facilitate this, she has inserted private, personal, and protected information as to where to effectuate service on this judge and the Chapter 7 Trustee, necessitating removal of documents from the public record. This Court must curtail this abuse of the bankruptcy system and stop Ms. Jacobs's ill-advised and spiteful submissions. Ms. Jacobs's latest round of motions in which she has disclosed non-public information and encouraged, directly or indirectly, the commencement of litigation against the Chapter 7 Trustee and this judge requires redress. Not only do her disclosures potentially violate the Court Security Improvement Act of 2007, *see* P.L. 110-177, 2008 H.R. 660 (Jan. 7, 2008), they are irrational and reflect disrespect and disdain for the Bankruptcy Court and the Chapter 7 Trustee, warranting action by this Court to protect the integrity of the bankruptcy system by enjoining Ms. Jacobs from her vexatious and disturbing litigation tactics.

### III. CONCLUSION

In view of the foregoing, the Court shall enter an order denying the Motions filed by Ms. Jacobs on November 12, 2013 and overruling her Objection to the Final Fee Request of the Chapter 7 Trustee, particularly where the Trustee has yet to file such a fee request. The Court also shall enter an order enjoining Ms. Jacobs, or her agents or attorneys, from filing in this Court, unless prior leave of Court is granted, the following:

> Any requests for orders, pleadings, objections, or written submissions, including, without limitation, any submissions which in any manner relate to challenges to the Court's order of July 23, 2012, the Notice of Withdrawal of Appearance filed by Attorney David G. Baker on March 3, 2013, or the recusal of the undersigned.

If Ms. Jacobs wishes to file any requests for orders, pleadings, objections, or written submissions in this Court, she must deliver, in person, to the Clerk a request for leave to file, together with the proposed submission. Upon receipt of a request for leave to file and a proposed written submission, the Clerk shall transmit the request and submission to the undersigned for review *in camera*. The Court will review any proposed requests for orders or other submissions in chambers to determine whether they contain any matters which should be excluded from the public record either because they seek relief which previously has been considered and denied or contain frivolous or scandalous material. Thereafter, the Court shall enter an order denying the request, granting it, or scheduling the matter for hearing, depending on the circumstances and the Court's conclusions.

The Court's order prohibiting Ms. Jacobs from filing any requests for orders, objections or other submissions without leave of Court shall not apply to any notice of appeal from the order entered this date.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: November 25, 2013